PEOPLE *v.* DOYLE.

1. INTOXICATING LIQUORS—CRIMINAL LAW—ELECTIONS — KEEPING
SALOON OPEN—STATUTES—PRIMARY ELECTIONS.

In a city which has adopted the primary election system and
nominates candidates for local offices on a fixed day, it is a
violation of 2 Comp. Laws, § 5395, as amended by Act No. 4,
extra session 1907, to keep saloons open on such day, even
although the municipality has not observed all the formal-
ities of law in adopting the primary system.

2. CONSTITUTIONAL LAW—TRIAL BY JURY—DIRECTING VERDICT—
CRIMINAL LAW.

An instruction by the court to the jury in a criminal case in
which the facts were not admitted, "to bring in a verdict of
guilty," infringes the respondent's right to trial by jury.

Exceptions before judgment from Bay; Collins, J.
Submitted February 11, 1910. (Docket No. 158.)  De-
cided March 19, 1910.

Hugh Doyle was convicted of keeping his saloon open
on an election day.  Reversed.

*Lewis P. Coumans,* for appellant.

*Charles W. Hitchcock,* Prosecuting Attorney, and
*James L. McCormick,* Assistant Prosecuting Attorney,
for the people.

BROOKE, J.  Respondent was convicted of keeping his
saloon in the city of Bay City open on election day, March
24, 1908; that day being commonly called primary election
day.  At the trial respondent stood mute, and a plea of
"not guilty" was entered by order of the court.  The people
offered evidence tending to show that respondent's saloon
was open upon the day in question, and that upon that day a
primary election had been held in the city of Bay City for
the purpose of nominating candidates for bridge commis-

sioner and justice of the peace. Further evidence was introduced on behalf of the people tending to show that the primary system of making nominations to public office had been adopted by the city of Bay City in 1906, that the people voted upon the question, that the common council, acting as a board of canvassers, canvassed the vote and declared the question carried, and that since said date (1906) all nominations of candidates have been made under the primary system, so called.

It was urged on behalf of respondent that it was not shown that the primary system had been properly or legally adopted, because the people were unable to show that the original petitions of electors for the submission of the question were in fact signed by the persons whose names appeared thereon, or that all those names appeared on the party enrollment book, and for the further reason that the people were unable to show a full compliance with all the statutory requirements relative to the adoption of the system. We are of opinion that these objections are without force. The fact remains, and is not disputed, that the system was adopted (whether with or without all the statute formalities), that nominations were made thereunder in Bay City for two years, and that such nominations were actually being made thereunder upon the day in question. Section 5395, 2 Comp. Laws, provides that all saloons shall be closed on all election days, and section 51, Act No. 4, Ex. Sess. 1907, makes this provision applicable to primary election days.

Respondent predicates error upon the charge. Believing that under the evidence and the law the respondent was guilty as charged in the information, the court said:

"Having reached these conclusions, gentlemen, I instruct you to bring in a verdict of guilty."

The verdict shows that the jury thereupon,—

"Without leaving their seats, by the direction of the court, say upon their oath that the respondent Hugh Doyle is guilty of keeping a saloon open on election day."

The question involved is whether or not the verdict of the jury was coerced. Respondent relies upon the case of *People* v. *North,* 153 Mich. 612 (117 N. W. 63), where, by a majority of the court, it was held that the case should be reversed, because the record showed that the verdict rendered was the verdict of the court, and not that of the jury, and that the charge was not intended to impose upon the jury any responsibility for the rendition of the verdict. The language used by the trial court in that case was as follows:

"I think it is my duty, and I instruct you, that you should find a verdict against this respondent of guilty, as charged, without leaving your seats, and the clerk will take the verdict."

The court then said to counsel:

" Now, gentlemen, if you want to lodge exceptions before sentence, I will give you the opportunity to do so, that you may go to the Supreme Court to see whether I am right or not."

The determination of this court in *People* v. *North, supra,* was predicated upon the case of *People* v. *Warren,* 122 Mich. 504 (81 N. W. 360, 80 Am. St. Rep. 582), and cases there cited, where an extended consideration of the question will be found. An analysis of all the authorities touching the point indicates that the rule in this State is as follows: In criminal cases, upon a plea of " not guilty," where the facts are not conceded, a verdict of guilty, must be rendered *by the jury.* It is the right of the trial judge to instruct the jury that it is their duty to bring in a verdict of guilty, if in his judgment the evidence in the case and the law applicable thereto warrants such instruction. Having so directed, he may not go further and compel the jury to follow his instructions. If this is done, the verdict is not that of the jury, but becomes that of the court, and the constitutional right to trial by jury is denied. Does the record in the case at bar disclose that the jury exercised, or were by the court ex-

pected or permitted to exercise, any responsibility for the verdict? Clearly not.

The conviction must be set aside, and a new trial ordered.

OSTRANDER, McALVAY, BLAIR, and STONE, JJ., concurred.