PEOPLE v. CLARK.

1. JURY—CONSTITUTIONAL LAW—CRIMINAL LAW.
   In criminal cases the right of the jury to give a general verdict on the merits is one of the substantial elements of the constitutional right to trial by jury.

2. SAME—JUDGE—CRIMINAL LAW—DIRECTED VERDICT.
   In a criminal case in which intent is not involved and the facts are undisputed, the trial court, after having properly applied the law to the facts, may say to the jury that it is their duty to bring in a verdict of guilty but he may not peremptorily direct or compel such verdict as the verdict must be that of the jury and not of the judge.

3. SAME—NEGLIGENT HOMICIDE—DIRECTED VERDICT OF GUILTY—CONSTITUTIONAL LAW.
   Instruction in prosecution for negligent homicide that ''under the law there is only one verdict that can be found by the jury'' was an effectual direction of verdict of guilty and was error where reasonable men might differ as to the inferences to be drawn from facts with respect to negligence of motorist who stopped before proceeding onto through highway and colliding with car in which decedent had been riding, since it deprived defendant of his constitutional right to trial by jury.

4. AUTOMOBILES—NEGLIGENT HOMICIDE—CONTRIBUTORY NEGLIGENCE OF DECEDENT'S DRIVER.
   While contributory negligence of operator of car in which decedent had been riding was not a defense to defendant in prosecution for negligent homicide arising out of an automobile collision, it did bear upon the culpable negligence of defendant and should not have been eliminated from the case.

5. SAME—NEGLIGENT HOMICIDE—NEGLIGENCE—THROUGH HIGHWAYS.
   In prosecution for negligent homicide arising out of a collision between defendant's car and one in which decedent had been riding on through highway, where defendant stopped before entering the through highway, question of whether or not he was guilty of negligence under the negligent homicide statute was for jury (Act No. 328, §§ 324-326, Pub. Acts 1931).

Appeal from Lapeer; Cramton (Louis C.), J. Submitted October 17, 1940. (Docket No. 123, Calendar No. 41,142.) Decided December 10, 1940.

Freeman Clark was convicted of negligent homicide. Reversed and new trial granted.

*Herbert W. Smith,* for appellant.

*Thomas Read,* Attorney General, *Edmund E. Shepherd,* Assistant Attorney General, and *Thomas C. Taylor,* Prosecuting Attorney, for the people.

BUSHNELL, C. J. Defendant Clark, after a jury trial, was convicted of negligent homicide.* He appeals, on the grounds that the court's charge deprived him of his constitutional right to a trial by jury and that there is no evidence upon which he could have been found guilty of negligence. Clark was charged with having operated 'a motor vehicle in a careless, reckless and negligent manner but not wilfully nor wantonly and in such a manner as to cause the death of one Lucille Phillips'' on December 25, 1939. Clark, with his wife and three children, had spent the day at his father's home near Kingston, Michigan, and left there about 6 p.m. to return to his own home in Pontiac. He passed through North Branch and down the Lake Pleasant road to the intersection with M-21, where the fatal accident occurred. M-21 is a through east and west highway, and Lake Pleasant road runs north and south. Defendant brought his car to a complete stop at the intersection, in obedience to a stop sign, and looked to the east and west. Cars were observed coming from the south, and an east-bound car passed

* See Act No. 328, §§ 324–326, Pub. Acts 1931 (Comp. Laws Supp. 1940, §§ 17115–324—17115–326, Stat. Ann. §§ 28.556–28.558).— REPORTER.

as the Clark car came to a stop. There is a curve in M-21 approximately 100 to 200 yards east of the intersection, from which cars approaching from the north on Lake Pleasant road can be seen. Decedent's husband, Clare Phillips, testified that he was 200 to 300 yards from the intersection when he first saw Clark's car, the latter being about the same distance from the corner. Phillips said that he did not pay any particular attention afterwards because he "knew that was a stop corner there," and continued about the same speed (45 to 50 miles per hour) up to the time of the collision. Defendant's wife, Mrs. Clark, who had driven a car for over 16 years, said that she did not see any automobiles approaching from the east until after the car coming from the west had passed. When Clark was approaching the pavement, in second gear, she saw a light coming from the east "very fast." The collision followed. Phillips and Mrs. Clark were the only witnesses who testified.

Both roads were dry. There was no mist or fog. The temperature was about freezing, with a little snow on the ground.

The controlling question for decision is with respect to the following portion of the court's charge:

"I charge you, therefore, that there has been no contributory negligence on the part of the driver of the Phillips car, Mr. Phillips. That under the circumstances of this case, if there was, it would not be a defense in this case, and that the defendant was guilty of negligence, and that being guilty of negligence in entering upon that highway, where it was a stop highway, coming into the path of traffic on the main highway, he is guilty of negligence as contemplated by the statute.

"The court submits the case to you for your determination. The view of the court is that under the

law there is only one verdict that can be found by the jury under the evidence in this case in its most favorable light. You will retire to the jury room in the custody of an officer, begin your deliberation and when you have arrived at a verdict you will notify the court through the officer.''

One of the substantial elements of the constitutional right to trial by jury is the right of the jury, in criminal cases, to give a general verdict on the merits. *Underwood* v. *People,* 32 Mich. 1 (20 Am. Rep. 633).

''A trial judge, having properly applied the law to the facts in a criminal case in which intent is not involved, and where the facts are undisputed, may say to the jury that it is their duty to bring in a verdict of guilty, but he may not go further and peremptorily direct or compel such verdict. The responsibility for the verdict must be left with the jury. It must be their verdict, not the verdict of the judge.'' *People* v. *Heikkala,* 226 Mich. 332, 337.

In support of this doctrine, *People* v. *Neumann,* 85 Mich. 98, 105, is often cited. The court there added this admonition:

''In this ruling we do not intend to encourage the practice of directing a verdict against the accused in criminal cases. In all such cases the jury should be permitted to retire to the jury room, and there deliberate, and the trial judge should content himself by stating the law as applied to the facts, and with an admonition to the jury of their plain duty in the premises.''

See, also, *People* v. *Warren,* 122 Mich. 504 (80 Am. St. Rep. 582); *People* v. *North,* 153 Mich. 612; *People* v. *Doyle,* 160 Mich. 423; and *People* v. *Chyc,* 219 Mich. 273.

In the case at bar, reasonable men might differ as to the inferences to be drawn from the facts with

respect to defendant's negligence. *People* v. *Neumann, supra.* Therefor, the trial judge was in error in charging the jury that "under the law there is only one verdict that can be found by the jury." Such language was an effectual direction of a verdict of guilty.

Because a new trial is to be granted, we discuss other portions of the quoted charge.

The court did not properly charge the jury with respect to the negligence, if any, of the driver of the car in which the deceased was riding. The trial judge said—"that there has been no contributory negligence on the part of the driver of the Phillips car, Mr. Phillips. That under the circumstances of this case, if there was, it would not be a defense in this case."

The jury should have been charged in accordance with *People* v. *Barnes,* 182 Mich. 179, 195, where the court quoted with approval from *State* v. *Campbell,* 82 Conn. 671, 675 (74 Atl. 927, 135 Am. St. Rep. 293, 18 Ann. Cas. 236), as follows:

" 'The rule of law concerning contributory negligence by the injured person, as a defense in civil actions for damages for personal injuries, had no application to this case. The State was required to prove the alleged unlawful act of the accused and its consequences, but not that the deceased exercised due care to avoid the consequences of that unlawful act. The court did not, either by its refusal to charge as thus requested, or by the language used, give the jury to understand, as the defendant claims it did, that the conduct of the deceased was eliminated from the case. The court properly said to the jury that the State must clearly show that the deceased's death was the direct result of the defendant's negligence, but that the injured man's conduct became material only as it bore upon the question of such negligence of the accused, and that if the cul-

pable negligence of the accused was the cause of Mr. Morgan's death, the accused was responsible under the criminal law, whether Mr. Morgan's failure to use due care contributed to his injury or not.' "

This Court ádded:

"So we say here that, while the claimed contributory negligence of Mary Robb is no defense in this case, yet it does not follow that her conduct should be eliminated from the case; it should be considered as bearing upon the claimed culpable negligence of the respondent, and the question should all the time be: Was respondent responsible under the law, whether Mary Robb's failure to use due care contributed to her injury or not?"

In *People* v. *Campbell*, 237 Mich. 424, 431, the court said:

"In the instant case the court eliminated the question from the case by instructing the jury, as a matter of law, that the deceased were not guilty of contributory negligence. In this we think he erred."

As to the duty of one traveling on a through highway, see *Arnold* v. *Krug*, 279 Mich. 702, and *Campbell* v. *Osterland*, 283 Mich. 175.

The trial judge was also in error in saying that defendant was "guilty of negligence in entering upon that highway, where it was a stop highway, coming into the path of traffic on the main highway, he is guilty of negligence as contemplated by the statute." Defendant's negligence was a disputed issue under the testimony and should have been submitted to the jury.

The verdict is set aside, the sentence is vacated, and a new trial is granted.

SHARPE, BOYLES, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.