PEOPLE v GAYDOSH

Docket No. 149510. Submitted September 15, 1993, at Lansing. Decided January 18, 1994, at 9:10 A.M.

Charles M. Gaydosh was convicted by a jury in the Lenawee Circuit Court, Harvey A. Koselka, J., of resisting and obstructing a police officer. The charge arose out of the defendant's refusal to permit the police to take a sample of his blood pursuant to a search warrant that had been secured after he had failed various sobriety tests and had refused a Breathalyzer-test. At trial, the court, in addition to giving the standard jury instruction concerning resisting and obstructing, instructed over a defense objection that, as a matter of law, a defendant's refusal to consent to a court-ordered blood test constituted sufficient resistance to support a conviction of the charged crime if the blood sample was to be done in a medically safe manner. The defendant appealed, claiming that the additional instruction amounted to a directed verdict with respect to the intent element of the charged crime and improperly shifted the burden of proof to him.

The Court of Appeals *held:*

Directed verdicts of guilt in criminal jury trials are constitutionally forbidden. The additional instruction removed from the jury the factual determination of the intent element of the crime, freed the prosecution from its obligation to prove each element of the crime beyond a reasonable doubt, and improperly shifted the burden of proof concerning the question of intent to the defendant.

Reversed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Irving C. Shaw, Jr.,* Prosecuting Attorney, and *Jonathan L. Poer,* Assistant Prosecuting Attorney, for the people.

*James L. Fisher,* for the defendant.

Before: McDONALD, P.J., and SAWYER and MARILYN KELLY, JJ.

Marilyn Kelly, J. Defendant appeals as of right from his jury conviction for resisting and obstructing a police officer in the discharge of duty. MCL 750.479; MSA 28.747. On appeal, defendant claims that the judge's instruction to the jury impermissibly shifted the burden of proof to him and amounted to a directed verdict for the prosecution. We agree and reverse.

I

Defendant was arrested for operating a motor vehicle while under the influence of intoxicating liquor. He failed various sobriety tests and refused a Breathalyzer test. As a consequence, a magistrate issued a warrant authorizing the police to seize a sample of his blood. Defendant refused to consent to the blood test. The arresting officer testified that he informed defendant that his failure to comply would cause him to be charged with resisting and obstructing a police officer. Defendant continued to refuse the blood test.

Consequently, he was charged with operating a vehicle under the influence of intoxicating liquor and with resisting and obstructing a police officer. MCL 257.625(6); MSA 9.2325(6); MCL 750.479; MSA 28.747. The jury acquitted him of the drunk driving charge but convicted him of resisting and obstructing.

On appeal, defendant challenges the validity of a portion of the jury instruction. The judge first gave the standard instruction on resisting and obstructing. CJI2d 13.3. The section on intent reads:

Sixth, that the Defendant intended to [resist/ assault] the officer. [CJI2d 13.3(7).]

Immediately after giving it, the judge added:

It is not necessary that the officer or medical personnel attempt to take the sample by force. As a matter of law, a Defendant's refusal to consent to the Court-ordered blood test is sufficient resistance to support a conviction of this charge if the blood draw is being done or was being offered to be done in a medically safe manner.

Defendant's objection is to the addition.

II

We read jury instructions in their entirety to determine if error occurred requiring reversal. Instructions which are somewhat imperfect are acceptable, so long as they fairly present to the jury the issues to be tried and sufficiently protect the rights of the defendant. *People v Caulley,* 197 Mich App 177, 184; 494 NW2d 853 (1992).

Reading the instructions in their entirety and the disputed instruction in context, we conclude that the added instruction given in this case left the jury with no alternative but to convict defendant. Defendant admitted that he refused the blood test. The medical technologist assigned to draw his blood testified to her qualifications and the safe manner she would have used to draw the blood. As a result, the instruction improperly invaded the province of the jury and was tantamount to a directed verdict from the bench.

Directed verdicts of guilt in criminal jury trials are forbidden by the Sixth and Fourteenth Amendments. *People v Chamblis,* 395 Mich 408, 420; 236 NW2d 473 (1975), overruled in part on other grounds in *People v Stephens,* 416 Mich 252; 330 NW2d 675 (1982), citing *People v Reed,* 393 Mich 342, 349; 224 NW2d 867 (1975). Appellate courts considering the issue have not hesitated to reverse a guilty verdict when an instruction amounted to

a directed verdict or otherwise improperly invaded the province of the jury. *People v Clark,* 295 Mich 704; 295 NW 370 (1940); *People v Anschutz,* 335 Mich 375, 380-381; 56 NW2d 224 (1953); 75A Am Jur 2d, Trial, §§ 1017-1024, pp 568-572.

Our Supreme Court as well has concluded that an instruction must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them. The Court determined that a harmless error analysis is not appropriate where a judge has invaded the province of the jury. *Reed,* 348-351.

In this case, defendant argued that he lacked the requisite intent to resist the officer, but because of the challenged instruction, the jury was not entitled to consider that testimony. The instruction removed from the jury the factual determination of one element of the crime. See *Sandstrom v Montana,* 442 US 510; 99 S Ct 2450; 61 L Ed 2d 39 (1979).

The instruction also freed the prosecution from its obligation to prove each element of the crime beyond a reasonable doubt. *In re Winship,* 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970). We are aware that defendant's refusal showed resistance. *People v Kelley,* 78 Mich App 769, 774; 260 NW2d 923 (1977). However, when covering defendant's refusal in instructing on intent, the judge omitted language which permitted the jury to accept or reject the inference that defendant's behavior established his intent. A fair and simple reading of the instruction leads one to conclude that defendant's refusal established the requisite intent as a matter of law. In giving the instruction, the trial court undermined the essential fact-finding function of the jury.

Certainly no one would deny the jury's absolute

right to disbelieve *all* the "undisputed evidence" and acquit the defendant altogether. A "jury has the power to bring in a verdict in the teeth of both law and facts." [*Chamblis,* 421, quoting *Horning v District of Columbia,* 254 US 135, 138; 41 S Ct 53; 65 L Ed 185 (1920).]

We find, also, that the challenged instruction impermissibly shifted the burden of proof on the question of intent to defendant. It required him to overcome a presumption that refusal meant that he intended to resist the officer. In a criminal trial, a defendant is under no such obligation.

> Instructions to the effect that the jury should look to defendant for evidence explaining his acts or that the law presumes intent from defendant's acts may serve to impermissibly shift the burden of proof. Where the burden is erroneously cast upon defendant to prove the absence of the intent required for conviction, reversal is mandated. [*People v Smith,* 67 Mich App 145, 149-150; 240 NW2d 475 (1976).]

The instruction denied the jury the right to believe or disbelieve the evidence as it saw fit. It freed the prosecutor from his duty to prove each element of the crime charged beyond a reasonable doubt. It impermissibly shifted the burden of proof to defendant and left the jury with no alternative but to convict defendant. We reverse.

McDONALD, P.J., concurred.

SAWYER, J. *(concurring).*
I concur in the result only.