# Order

Michigan Supreme Court
Lansing, Michigan

December 2, 2009

139327 & (75)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

MICHAEL JESS WADE,
      Defendant-Appellee.

_____/

Marilyn Kelly,
*Chief Justice*

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
*Justices*

SC: 139327
COA: 281566
Wayne CC: 06-014242

On order of the Court, the application for leave to consider the April 21, 2009 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. The jury verdict form was not dispositive because the trial court properly instructed the jury. On the basis of the trial court's instructions, the jury would have clearly understood that it could find the defendant "not guilty" of first-degree murder and "not guilty" of the lesser offenses of second-degree murder and involuntary manslaughter by checking the "not guilty" box listed on the form under "Count 1." In light of the jury instructions, the trial court's error in using the improper verdict form was harmless, see MCL 769.26; *People v Lukity*, 460 Mich 484, 495 (1999), and the Court of Appeals erred in relying on this Court's decisions, including *People v Clark*, 295 Mich 704, 707 (1940), to hold that the defendant's constitutional right to a trial by jury was violated. Accordingly, we REINSTATE the defendant's convictions of involuntary manslaughter and possession of a firearm during the commission of a felony. The motion for bond pending appeal is DENIED as moot.

KELLY C.J. (*dissenting*).

I would grant the prosecutor's application for leave to appeal and order full briefing and oral argument. This case involves a jurisprudentially significant issue of first impression in this state. Therefore, I would not take peremptory action, as I believe it represents an unwarranted rush to judgment.

I find it particularly disturbing that the majority is willing to assume that "the jury would have clearly understood" that it could find defendant not guilty of the lesser offenses. In this case, the jury received conflicting directives: a verdict form that the majority concedes was "improper" and legally proper oral instructions from the trial judge. It is entirely speculative to conclude, as the majority does, that the jury clearly relied on the proper instruction rather than the improper one. While the use of the erroneous jury verdict form may have been harmless error, I cannot summarily reach that conclusion on the record before us.

I dissent from the order peremptorily reversing the Court of Appeals judgment and would instead grant leave to appeal.

CAVANAGH, J., joins the statement of KELLY, C.J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 2, 2009

Clerk

p1124