# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANDRE JEFFREY SMITH,

Defendant-Appellant.

UNPUBLISHED
March 26, 2015

No. 319164
Wayne Circuit Court
LC No. 13-006026-FH

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), and possession of marijuana, MCL 333.7403(2)(d). Defendant was sentenced to six months in jail and two years' probation for assaulting, resisting, or obstructing a police officer and six months in jail and one year probation for possession of marijuana. We affirm.

Defendant asserts that the trial court's jury instruction amounted to a directed verdict which invaded the province of the jury. We disagree.

"Claims of instructional error are generally reviewed de novo by this Court, but the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007).

At the end of closing arguments, the trial court gave the following jury instruction regarding the crime of assaulting, resisting, or obstructing a police officer:

> The defendant is charged with the crime of assaulting and/or resisting and/or obstructing Romulus Police Officer Matthew Miracle, Count 1, who was acting in the performance of his duties. To prove this charge the prosecutor must prove each of the following elements beyond a reasonable doubt: First, that the defendant assaulted and/or battered and/or wounded and/or obstructed and/or endangered Romulus Police Officer Matthew Miracle, who was performing his duties. Obstruct includes the use or threatened use of physical interference or force or in knowing failure to comply with a lawful demand. Second, that the defendant knew the person assaulted and/or battered and/or wounded and/or obstructed and/or endangered was then a Romulus Police Department police

-1-

officer performing his duties. And, third, that the defendant's actions were intended by the defendant, that is not accidental.

Before the jury reached a verdict, the jury wrote two questions to the trial court. The first question was: "Does failure to comply mean [defendant] had to comply the first time asked?" The second question was: "The fact that [defendant] finally complied after multiple requests or force is still failure to comply?" In response to the questions from the jury, the trial court stated:

> Again, reading to you the very instruction which I previously gave you, 13.2: The defendant is charged with the crime of assaulting and/or resisting and/or obstructing Romulus Police Officer Matthew Miracle, Count 1, who was acting in the performance of his duties. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt: First, that the defendant assaulted and/or battered and/or wounded and/or obstructed and/or endangered Romulus Police Officer Matthew Miracle, who was performing his duties. Obstruct includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful, a lawful command.

> Second, that the defendant knew the person assaulted and/or battered and/or wounded and/or obstructed and/or endangered was then a Romulus Police Department police officer performing his duties. And, third, that the defendant's actions were intended by the defendant, that is not accidental.

> This is not baseball. You don't get three strikes. If there's a failure to comply one time, it's a failure to comply. Return to the jury room and continue with your deliberations.

Directed verdicts of guilt in criminal jury trials are forbidden by the Sixth and Fourteenth Amendments. *People v Gaydosh*, 203 Mich App 235, 237; 512 NW2d 65 (1994). Reversal is warranted when an instruction amounts to a directed verdict or otherwise improperly invades the province of the jury. *Id*. at 237-238. When a trial court instructs that an essential element of a criminal offense exists as a matter of law, error requiring reversal will be found. *People v Tice*, 220 Mich App 47, 54; 558 NW2d 245 (1996). An instruction may not remove from the jury the factual determination of an element of the crime. *Gaydosh*, 203 Mich App at 238. Even when imperfect, jury instructions are not grounds for reversal when the instructions "fairly presented the issues to be tried and adequately protected the defendant's rights." *People v Kowalski*, 489 Mich 488, 501-502; 803 NW2d 200 (2011).

In *Gaydosh*, the defendant was arrested for operating a motor vehicle while under the influence. *Gaydosh*, 203 Mich App at 236. The defendant failed the sobriety tests administered to him and refused to take a Breathalyzer test. *Id*. A magistrate then issued a warrant authorizing the police to seize a sample of the defendant's blood to determine his blood alcohol content. *Id*. The defendant refused to consent to the blood test and the arresting officer informed the defendant that failure to comply would result in the defendant being charged with resisting and obstructing a police officer. *Id*. The defendant continued to refuse to consent to the blood test. *Id*. The defendant was subsequently charged with resisting and obstructing a police officer. *Id*.

-2-

At trial, the defendant admitted that he refused to take the blood test. *Id*. He argued, however, that when he did so he lacked the intent to resist the officer. *Id*. at 238. At trial, the court instructed the jury on resisting and obstructing a police officer. *Id*. at 236. Immediately after providing the jury with the instruction, the trial court stated:

> It is not necessary that the officer or medical personnel attempt to take the sample by force. As a matter of law, a Defendant's refusal to consent to the Court-ordered blood test is sufficient resistance to support a conviction of this charge if the blood draw is being done or was being offered to be done in a medically safe manner. [*Id*. at 237.]

This Court concluded that the added instruction left the jury with no alternative but to convict the defendant as it removed the issue of intent from the jury's consideration. *Id*. at 237-238.

While the instant case bears a superficial resemblance to *Gaydosh*, the supplemental instruction employed in this case did not "remove[] from the jury the factual determination of one element of the crime." *Id*. at 238. In this case, the defense was that the officers had lied and that actions for which defendant was charged had never taken place. The factual issue before the jury was not whether the alleged refusal to comply carried the requisite intent, but whether it occurred at all.

The trial court's statement, "If there's a failure to comply one time, it's a failure to comply," is an accurate statement of the law. If the jury found one failure to comply, that element of the offense was met, even if defendant did later comply. This did not prevent defendant from arguing that his later compliance demonstrated a lack of intent nor direct a verdict on any element, including non-compliance. The jury remained free to accept the defense's version of events in which no non-compliance occurred.

We agree with defendant that the trial court's statement to the jury that, "This is not baseball. You don't get three strikes" was gratuitous and could, in some other case, lead to reversible error. Moreover, the court is advised when giving a supplemental instruction to fully advise counsel of the language of the instruction it intends to give before doing so in order to determine if there is any objection and, if so, to address the objection *before* reading the instruction to the jury, as is the procedure on all instructional matters. Again, however, we conclude that even though imperfect, the supplemental instructions "fairly presented the issues to be tried and adequately protected the defendant's rights." *Kowalski*, 489 Mich at 501-502.

Affirmed.


/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Douglas B. Shapiro

-3-