*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
October 22, 2019

v

No. 343291
Otsego Circuit Court
LC No. 17-005251-FH

JASON ALLEN EVANS,

Defendant-Appellant.

Before: STEPHENS, P.J., and SERVITTO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant, Jason Allen Evans, appeals by right his convictions by a jury of two counts of resisting or obstructing a police officer, MCL 750.81d(1). Defendant was also acquitted of being an intoxicated disorderly person, MCL 750.167(1)(e). Defendant was sentenced to serve seven months in jail and 18 months of probation. We vacate defendant's convictions and remand for further proceedings.

## I. FACTS

On January 27, 2017, Deputy Justin Holzschu of the Otsego County Sheriff's Office responded to a 911 call from a motorist who reported a man in the middle of the road on Old 27 North, stumbling around. The motorist reported that the man appeared intoxicated. Holzschu observed defendant walking in the roadway. Concerned for the safety of defendant and of other motorists, Holzschu remained at the scene and activated his emergency lights to warn oncoming traffic of defendant's presence. After numerous attempts to encourage defendant to walk on the snowplowed shoulder of the road, Holzschu stepped out of his vehicle to speak with defendant. Holzschu described defendant as smelling strongly of intoxicants and appearing belligerent and aggressive. On the basis of defendant's strong smell, manner of walking, and slurred speech, Holzschu believed defendant to be intoxicated. At one point, defendant lay down in the travel lane, but he got up and continued walking after Holzschu asked him if he needed medical assistance. Holzschu made several requests for defendant to "get out of the roadway," to which defendant responded with profanity. Holzschu then commanded defendant to get out of the roadway. Defendant refused, so Holzschu called for another deputy to assist him.

-1-

Deputy Jordan Kettlewell responded to Holzschu's request for assistance. Kettlewell used his patrol vehicle to block traffic so that defendant could be safely contacted. The deputies told defendant that he was under arrest for drunk and disorderly conduct. When the deputies attempted to place defendant in handcuffs, he tensed up, continued to yell, and would not comply. Both deputies had to push defendant, who slurred his speech and smelled strongly of intoxicants, against the patrol car to handcuff him. Holzschu transported defendant to the Otsego County Jail, where both deputies commanded him more than once to step out of the vehicle. Defendant refused each command and Kettlewell forcefully removed defendant from the patrol car. Defendant then went limp, fell to the floor, and refused to cooperate and walk into the jail. A corrections officer helped place defendant into a restraint chair, from which defendant "continued to act out." The corrections officer used a "jugular notch pressure point" to obtain defendant's compliance.

As noted, defendant was charged with two counts of resisting or obstructing a police officer and one count of being an intoxicated disorderly person. The jury convicted defendant on the two charges of resisting or obstructing, but the jury acquitted defendant on the disorderly person charge.

## II. JURY INSTRUCTIONS

Defendant argues that he is entitled to a new trial because the trial court failed to instruct the jury that a lawful arrest is an element of resisting or obstructing a police officer. We agree.

We must first address whether this issue has been waived. Failure to object to instructional error generally precludes appellate relief, unless manifest injustice would result. *People v Kelly*, 423 Mich 261, 271-272; 378 NW2d 365 (1985). However, if counsel affirmatively expresses satisfaction with the trial court's conduct, the issue is waived rather than merely forfeited, and the issue cannot constitute error. *People v Carter*, 462 Mich 206, 214-216; 612 NW2d 144 (2000). It is unclear to us on this record whether trial counsel waived or merely forfeited any objection to the trial court's concluding instructions.[1] However, the trial court's opening instructions to the jury suffered from the same critical omission. "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Because counsel merely failed to object to the opening instructions, we deem it immaterial on this record whether counsel waived objection to the closing instructions.

Jury instructions are reviewed as a whole and in the entire context of the proceedings. *Kelly*, 423 Mich at 270-271. Jury instructions need not be flawless. *People v Gaydosh*, 203 Mich App 235, 237; 512 NW2d 65 (1994). However, jury instructions "must not exclude material issues, defenses, and theories that are supported by the evidence." *People v Crawford*, 232 Mich App 608, 619; 591 NW2d 669 (1998).

---

[1] The record does not clearly disclose what instruction defendant asked the trial court to read, and the trial court notably did not give the parties an opportunity at the conclusion of its instructions to state whether they were satisfied.

Defendant's theory of the case rests on the argument that the deputies unlawfully arrested defendant or gave defendant unlawful commands. The elements of the offense of resisting or obstructing a police officer under MCL 750.81d(1) are: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer; and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Vandenburg*, 307 Mich App 57, 68; 859 NW2d 229 (2014) (quotation marks and citation omitted). Significantly, the lawfulness of the officers' conduct is an essential element of resisting or obstructing a police officer. *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014). "[T]he right to resist *unlawful* arrests, and other *unlawful* invasions of private rights, is well established in our state's common law." *People v Moreno*, 491 Mich 38, 46-47; 814 NW2d 624 (2012) (emphasis in original).

The trial court appears to have accurately read Model Criminal Jury Instructions 13.1, defining resisting and obstructing a police officer, and 13.5, explaining what constitutes a legal arrest, as those instructions were written at the time of trial. Both instructions were amended in June 2018, several months after the trial had concluded. We will not fault the trial court or counsel for failing to read or request a jury instruction that did not yet exist. Nevertheless, at the time of trial, defendant's theory of the case, that he could not be guilty of resisting and obstructing unless the prosecutor established beyond a reasonable doubt that the deputies acted lawfully, accurately reflected the current law. *Quinn*, 305 Mich App at 491. Thus, M Crim JI 13.1, as it was written at the time of trial, was inaccurate because it did not include an essential element of the charged offense. Importantly, that particular essential element was the core of defendant's theory of his defense.

In contrast, the version of M Crim JI 13.5 read by the trial court adequately explained to the jury, for purposes of this case, what constitutes a lawful arrest. However, in both its opening instructions and closing instructions, the trial court's reading of M Crim JI 13.5 strongly indicated that it related only to its instructions on being an intoxicated and disorderly person. Specifically, the trial court read M Crim JI 13.1 on resisting and obstructing, and then it read a nonstandard instruction on being an intoxicated and disorderly person. It then read M Crim JI 13.5 immediately following the intoxicated and disorderly person instruction. In context, the jury would reasonably infer that the lawful arrest instruction only pertained to the intoxicated and disorderly person charge. The jury acquitted defendant of that charge. The jury is permitted to disbelieve anything it wishes, so long as it does not engage in speculation. *People v Howard*, 50 Mich 239, 242-243; 15 NW 101 (1883); *People v Bailey*, 451 Mich 657, 673-675, 681-682; 549 NW2d 325 (1996). Under the circumstances, the ordering of the instructions, combined with this acquittal, raise the disturbing possibility that the jury would have acquitted defendant of the resisting and obstructing charges had it been instructed that the lawfulness of an arrest was essential element of that offense.

We conclude that the failure to instruct the jury that the lawfulness of the deputies' conduct was an essential element of resisting and obstructing resulted in a fundamentally unfair trial. See *Crawford*, 232 Mich App at 619. We are unable to determine on this record whether the issue was waived or merely forfeited, or indeed whether the instructional failure was due to the trial court or trial counsel. In the interest of justice, we therefore decline to engage in speculation as to blame. See MCR 7.216(A)(7). The instructions, as given, effectively and

-3-

impermissibly precluded defendant's defense. As noted, the jury is presumed to have followed its instructions. *Graves*, 458 Mich at 486. Therefore, defendant's convictions cannot be upheld.

## III. CONCLUSION

We conclude that the inaccuracy in the jury instructions is of such magnitude that defendant is entitled to a new trial. We therefore need not address defendant's contentions regarding the sufficiency of the evidence, the effectiveness of trial counsel, the DNA assessment fee, or the court costs. Defendant's convictions are vacated, and we remand for a new trial and/or further proceedings as the court and parties may deem necessary or proper. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Amy Ronayne Krause