*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES JEROME DURR,

        Defendant-Appellant.

UNPUBLISHED
June 17, 2021

No. 349221
Wayne Circuit Court
LC No. 18-009241-01-FH

Before: GLEICHER, P.J., and CAVANAGH and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction for felon in possession of a firearm (felon-in-possession), MCL 750.224f.[1] The trial court sentenced defendant to one year of probation to be reduced to six months if defendant paid his fees and costs. On appeal, defendant argues that he was denied due process and a fair trial because the jury relied on an erroneous instruction provided at the beginning of trial, and the trial court erroneously answered a factual question arising from that instruction, which effectively directed a guilty verdict. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of the nonfatal shooting of Tony Baker by defendant. At the time of the shooting, Baker and Willie Page had been living at defendant's house for about two weeks. On the evening of the shooting, Page drove Baker to a nightclub. Sometime around midnight, Baker called Page for a ride home because he had been kicked out of the nightclub. Defendant and Page picked up Baker, who appeared to be drunk.

---

[1] Defendant was acquitted of intentional discharge of a firearm at a dwelling or occupied structure causing physical injury, MCL 750.234b(3), intentional discharge of a firearm in or at a building, MCL 750.234b(2), assault with intent to do great bodily harm less than murder, MCL 750.84, and four counts of possession of a firearm during the commission of a felony, MCL 750.227b.

Once back at defendant's house, Baker and defendant started arguing, which led to pushing, shoving, and punching. Page thought he had broken up the altercation and he left the room. At some point, defendant retrieved a pistol and pointed it at Baker's chest. While Baker did not remember how the gun went off, defendant shot Baker between his shoulder and neck. But Baker did not realize he had been shot and Page convinced Baker to leave. Baker then walked down the street, realized he was shot, and passed out. Baker was transported to the hospital via ambulance. Police officers went to defendant's house, took him into custody, and retrieved the pistol from inside the home.

At trial, after the jury was empaneled, the trial court read instructions that included the elements of each of the eight charges. Regarding the felon-in-possession charge, the court read the elements as follows: "First, the defendant possessed a firearm in this State. Second, the defendant was previously convicted of a felony. Third, the requirements for gaining eligibility to possess a firearm had not been met." The court also explained:

> You have been given a written copy of the elements of the crime[s] that I have just read to you. You may refer to them during the trial. Since no one can predict the course of a trial, these instructions may change at the end of the trial. At the close of the trial, I will provide you a full copy of my final instructions you can use during your deliberations.

At the end of its case-in-chief, the prosecution moved to admit a certified copy of defendant's 2003 conviction for attempted manufacture or delivery of marijuana, MCL 333.7401(2)(d)(*iii*); MCL 750.92. The record provided that defendant pleaded guilty to the offense and was sentenced to one year of probation under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq*. The prosecution also moved to admit a certified copy of the order of discharge from probation to show that defendant later pleaded guilty to a probation violation and the court revoked his HYTA status. Defendant did not stipulate to the admission of these records, so the trial court allowed the prosecution to read them to the jury.

After the close of proofs and outside the presence of the jury, the court went over several jury instructions relating to affirmative defenses, and defense counsel did not object to or propose any additional instructions. After closing arguments, the court gave the final jury instructions. As to the felon-in-possession count, the court instructed the jury: "To prove this charge the Prosecutor must prove the following elements beyond a reasonable doubt: First, defendant possessed or used a firearm in this state. Second, the defendant was convicted of a felony." After the court finished reading the elements of the charges, it told the jury there would be a written copy of the final instructions in the jury room. After the jury was sent to deliberate, the court asked counsel if they were satisfied with the instructions. The defense's only objection was on a ground unrelated to the issue presented on appeal.

During deliberations, the jury submitted a question to the court: "Was [defendant's] previous felony charge punishable by imprisonment of 4 or more years?" The trial court discussed the question with counsel and said the answer to the question was yes, defendant had previously been charged with a four-year felony. Defense counsel argued that while the punishment for possession with attempt to deliver marijuana was a four-year felony, defendant was convicted of attempted delivery of marijuana, which only carries a two-year prison term. The court responded

that that was not what the jury asked; it asked whether defendant's previous charge, not conviction, was for a four-year felony. After additional argument, the court interjected and asked that the jury be returned. Defense counsel continued to ask the court to clarify that defendant was not convicted of a four-year felony. The court refused. The court thereafter told the jury that the answer to its question was yes.

The jury resumed deliberations and convicted defendant of felon-in-possession, but acquitted him of the other seven charges.

Before sentencing, defendant moved to set aside the conviction and for a new trial. According to defendant's trial counsel, on the first day of trial, the jury was erroneously given a written instruction explaining the elements of felon-in-possession for a nonspecified felony conviction.[2] Defense counsel and the prosecutor communicated via email and realized the error and "provided the law for a [felon-in-possession charge based on a] specified felony . . . ." Recognizing that the court had provided an accurate written instruction on the felon-in-possession charge based on a specified felony[3] to the jury after its final oral instructions, defense counsel believed that "the jury never got the new forms" he and the prosecutor had presented because defendant's trial counsel discovered three copies of the inapplicable felon-in-possession jury instruction based on a non-specified felony in the jury room with handwritten notations on them.

---

[2] It read:

**M Crim JI 11.38 Felon Possessing Firearm: Nonspecified Felony**

The defendant is charged with possession of firearm after having been convicted of a felony. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(1) First, that the defendant possessed a firearm in this state.

(2) Second, that the defendant was previously convicted of a felony punishable by imprisonment of 4 or more years.

(3) Third, that the requirements for regaining eligibility to possess a firearm had not been met. [M Crim JI 11.38.]

[3] It read:

**M Crim JI 11.38a Felon Possessing Firearm: Specified Felony**

The defendant is charged with possession of a firearm after having been convicted of a specified felony. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(1) First, that the defendant possessed and/or used a firearm in this state.

(2) Second, that the defendant was convicted of a specified felony. [M Crim JI 11.38a.]

The prosecution conceded it was error for the trial court to instruct the jury that defendant had been convicted of a four-year felony, but asserted that the error did not undermine the reliability of the verdict and the motion should be denied. After inquiring whether the verdict form was correct, which it was,[4] the trial court denied defendant's motion for a new trial, reasoning any arguments about jury confusion did not merit a new trial. This appeal follows.

## II. DISCUSSION

Defendant argues that he was denied due process and his constitutional right to a properly instructed jury because the trial court did not accurately instruct the jury on the elements of felon-in-possession. Further, the trial court erroneously commented on the evidence, which led to a directed verdict against defendant on the felon-in-possession charge. We disagree.

This Court reviews de novo claims of instructional error. *People v Craft*, 325 Mich App 598, 604; 927 NW2d 708 (2018). A reviewing court "must consider the instructions as a whole, rather than piecemeal, to determine whether any error occurred." *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). This Court also reviews de novo the interpretation and application of court rules. *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017).

A criminal defendant is "entitled to have a properly instructed jury consider the evidence against him or her." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). "The trial court's role is to clearly present the case to the jury and to instruct it on the applicable law." *Id*. "Jury instructions must therefore include all the elements of the charged offenses and any material issues, defenses, and theories that are supported by the evidence." *People v Fennell*, 260 Mich App 261, 265; 677 NW2d 66 (2004). "Even if the instructions are somewhat imperfect, reversal is not required if the instructions fairly presented the issues to be tried and were sufficient to protect the rights of the defendant." *Id*.

Felon-in-possession may be charged in one of two ways: either the defendant had a prior conviction of a felony, see MCL 750.224f(1) and (9)(b), or the defendant had a prior conviction of a specified felony, see MCL 750.224f(2) and (10). The former type of felon-in-possession charge based on what is referred to as an "nonspecified" felony must be based on an offense "punishable by imprisonment for 4 years or more, or an attempt to violate such a law." MCL 750.224f(9)(b). On the other hand, the specified felonies that support the latter type of felon-in-possession charge are delineated in MCL 750.224f(10), and include a felony with an element of "the unlawful manufacture, possession, importation, exportation, distribution, or dispensing of a controlled substance." MCL 750.224f(10)(b). Both types of felon-in-possession charges are punishable by five years' imprisonment. MCL 750.224f(5).

---

[4] A copy of the verdict form is not contained in the lower court record.

Defendant first argues that the jury was provided an inaccurate written jury instruction for the charge of felon-in-possession. The trial court's initial written jury instructions provided to the jurors contained an instruction for felon-in-possession with an underlying nonspecified felony conviction.[5] This explains why the jury sent a note to the trial court asking whether defendant's "previous felony charge [was] punishable by imprisonment of 4 or more years." See MCL 750.224f(9)(b). The jury's possession of an inapplicable written jury instruction was an error. But this Court is required to examine the jury instructions as a whole. *Kowalski*, 489 Mich at 501. Considering the jury instructions as a whole, we cannot say that the jury was improperly instructed. Although the jurors were given a copy of the incorrect instruction at the outset of trial, the trial court cautioned the jury that the instructions may change during the course of the trial. Further, the trial court verbally provided the proper instruction for felon-in-possession at the end of jury selection and during the final jury instructions along with a correct written instruction. Considering the trial court's instructions to the jury for the felon-in-possession charge as a whole, and not just the initial written instruction, the jury was properly instructed.

And even if the initial incorrect written jury instruction constituted an error, such error would not necessitate reversal. "[A] jury instruction that improperly omits an element of a crime amounts to a constitutional error." *Kowalski*, 489 Mich at 503. But the United States Supreme Court has held that only in the rare case involving a structural error is automatic reversal required. *Washington v Recuenco*, 548 US 212, 218 & n 2; 126 S Ct 2546; 165 L Ed 2d 466 (2006). An imperfect jury instruction is not a structural error that requires reversal. *Kowalski*, 489 Mich at 501-502. "If the evidence related to the [omitted element in the jury instruction] was overwhelming and uncontested, it cannot be said that the error affected the defendant's substantial rights or otherwise undermined the outcome of the proceedings." *Id*. at 506. See also *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999) (stating that errors that are not structural defects are reviewed to "determine whether the beneficiary of the error has established that it is harmless beyond a reasonable doubt.").

The initial erroneous written jury instruction was harmless beyond a reasonable doubt. Although defendant did not stipulate to the admission of the records concerning his prior felony conviction, the evidence was uncontested—defendant never denied or offered evidence to refute the prior conviction. Thus, the jury would have been satisfied that the specified felony element of felon-in-possession was established beyond a reasonable doubt. Indeed, the jury never questioned the existence of the felony attempted controlled substances conviction, only the punishment imposed for it.

Defendant next argues that the trial court directed a guilty verdict for the felon-in-possession charge by answering the jury's question in the affirmative when there was no evidence that defendant had a four-year charge.[6]

---

[5] See footnote 2.

[6] We agree with the parties' contentions that whether defendant had a previous charge that carried the possibility of four or more years' imprisonment was irrelevant. To establish felon-in-possession, whether under a "nonspecified" felony or specified felony theory, the prosecution is

Trial courts have "the authority and obligation under both court rule and statute" to properly instruct the jury and the discretion to comment on the evidence as justice requires. *People v Anstey*, 476 Mich 436, 452; 719 NW2d 579 (2006). "Directed verdicts of guilt in criminal jury trials are forbidden by the Sixth and Fourteenth Amendments," of the United States Constitution. *People v Gaydosh*, 203 Mich App 235, 237; 512 NW2d 65 (1994). See also US Const, Ams VI and XIV. When a jury instruction amounts to a directed verdict or otherwise invades the province of the jury, reversal is required. *Gaydosh*, 203 Mich App at 237-238. See also *People v Tice*, 220 Mich App 47, 54; 558 NW2d 245 (1996) ("When a trial court instructs that an essential element of a criminal offense exists as a matter of law, error requiring reversal will be found.").

Here, the trial court's answer to the jury's question did not conclude that an element of the crime existed, *id.*, or direct a verdict, *Gaydosh*, 203 Mich App at 237-238. The trial court did not apply the law to the facts to conclude that an element of the crime was satisfied. Instead, the trial court simply responded in the affirmative to the jury's question of whether defendant's prior charge was punishable by four or more years' imprisonment. The trial court gave a matter-of-fact answer without giving an opinion or directing a finding.

Furthermore, the trial court did not provide the jury with evidence by answering the jury's question. Citing MCL "333.7401[(2)(d)(iii)]" and "[MCL 750.]92," the prosecutor read into the record that defendant pleaded guilty to attempted manufacture or delivery of marijuana and was placed on probation under the HYTA. Then, the prosecutor read a separate document establishing that defendant violated his probation and the court revoked his HYTA status. When a trial court revokes an individual's status under the HYTA, "an adjudication of guilty is entered, and a sentence is imposed . . . ." MCL 762.12(3). "The judge, not the jury, determines whether the charged prior felony is a 'felony' as defined in MCL 750.224f(9)(b), or a more serious 'specified felony' as defined in MCL 750.224f(10)." M Crim JI 11.38 n 4; M Crim JI 11.38a n 4; see also *People v Parker*, 230 Mich App 677, 684-687; 584 NW2d 753 (1998) (whether attempted

---

required to show that the defendant was "convicted" of a felony. MCL 750.224f(1) and (2). However, we are also mindful of the prosecution's assertion that the "jury's note was simply inartful" by asking about defendant's prior charge; the written jury instruction for felon-in-possession under a "nonspecified" felony theory provided the element that the defendant "was previously convicted of a felony punishable by imprisonment of 4 or more years." And, as we have discussed, the definition for a nonspecified felony for purposes of establishing the felony underlying a felon-in-possession charge includes an attempt to commit a felony punishable by 4 or more years' imprisonment. MCL 750.224f(9)(b). In this case, however, the nonspecified felony language did not include the attempt language as the felony information reflected that defendant was convicted of the delivery or manufacture of marijuana, a four-year felony, rather than the attempted offense.

possession of cocaine was a specified felony is a question involving statutory interpretation, and, therefore, a question of law). Accordingly, there was evidence in the record concerning defendant's prior conviction upon which the trial court could properly comment in response to the jury's question.

Affirmed.


/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Anica Letica