TAYLOR v SECRETARY OF STATE

Docket No. 173487. Submitted April 3, 1996, at Lansing. Decided April 19, 1996, at 9:00 A.M.

James P. Taylor, the holder of a valid driver's license, petitioned the Kalamazoo Circuit Court for an order directing the Secretary of State to issue a group A vehicle designation to be added to his existing license to allow him to drive certain vehicles for his employer. The Secretary of State had refused to issue the designation because Taylor's license had been suspended or revoked at least four times in the decade preceding the application, although only once during the three-year period immediately preceding the application. The court, Richard R. Lamb, J., ordered the respondent to grant the designation. The respondent appealed.

The Court of Appeals *held:*

1. The circuit court lacked jurisdiction to hear the petition for review. MCL 257.312f(4)(a); MSA 9.2012(6)(4)(a) mandates that the Secretary of State deny a vehicle group designation where the applicant's license has been suspended or revoked within the thirty-six months preceding the application. Although subsection 1 of MCL 257.323; MSA 9.2023 allows an applicant to appeal a denial of a vehicle group designation to the circuit court, subsection 8 of the statute provides that the statute does not apply where, as in this case, the denial is based on MCL 257.312f; MSA 9.2012(6).

2. The Ex Post Facto Clause of the constitution does not prevent the combined application to the petitioner of subsections 312f(4)(a) and 323(8) of the Michigan Vehicle Code even though the petitioner's last driving violation occurred before the enactment of those provisions.

3. Subsection 312f(4)'s imposition of additional requirements on a person seeking to obtain a vehicle group designation by requiring that applicants not have suffered suspension or revocation of their driving privileges, other than for nondriving-related reasons, within the thirty-six months preceding the application is an exercise of the state's power to enhance safety, and the concomitant life, health, and welfare of the public, in the use of the state's road system. Subsections 312f(4) and 323(8) are directed to health and safety considerations, not punishment. The Legislature may add to or aug-

ment licensing regulations without providing "grandfather" clauses to protect or continue the privileged status of preexisting licensees. The statutes in issue do not violate the prohibition regarding ex post facto laws.

Reversed.

1. LICENSES — VEHICLE CODE — VEHICLE GROUP DESIGNATIONS — DENIAL — APPEAL.

Subsection 312f(4)(a) of the Michigan Vehicle Code requires the Secretary of State to deny a vehicle group designation where the applicant's license has been suspended or revoked within the thirty-six months preceding the application; although subsection 323(1) allows the applicant to appeal such a denial to the circuit court, subsection 323(8) provides that § 323 does not apply where the denial of a vehicle group designation is based on § 312f (MCL 257.312f, 257.323; MSA 9.2012[6], 9.2023).

2. LICENSES — VEHICLE CODE — VEHICLE GROUP DESIGNATIONS — CONSTITUTIONAL LAW — EX POST FACTO CLAUSE.

Subsection 312f(4) of the Michigan Vehicle Code imposes additional requirements on a person seeking to obtain a vehicle group designation on a driver's license by requiring that applicants not have suffered suspension or revocation of their driving privileges, other than for nondriving-related reasons, within the thirty-six months preceding the application; the statute is an exercise of the state's power to enhance safety, and the concomitant life, health, and welfare of the people, in the use of the state's road system and is not directed to punishment and thus does not violate the Ex Post Facto Clause (US Const, art I, § 10; Const 1963, art 1, § 10; MCL 257.312f; MSA 9.2012[6]).

3. LICENSES — ADDING REGULATIONS — VEHICLE CODE — CONSTITUTIONAL LAW — EX POST FACTO CLAUSE.

The Legislature may add to or augment licensing regulations without providing "grandfather" clauses to protect or continue the privileged status of preexisting licensees; the Ex Post Facto Clause of the constitution does not prevent the combined application of subsections 312(4)(a) and 323(8) of the Michigan Vehicle Code to authorize the denial of a vehicle group designation for an applicant whose driver's license has been suspended or revoked during the preceding thirty-six months and prevent an appeal from that decision even where the applicant's last driving violation occurred before the enactment of those subsections (US Const, art I, § 10; Const 1963, art 1, § 10; MCL 257.312f, 257.323; MSA 9.2012[6], 9.2023).

*Victor L. Bland,* for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *R. John Wernet, Jr.,* Assistant Attorney General, for the respondent.

Before: O'CONNELL, P.J., and HOOD and C. L. HORN,* JJ.

O'CONNELL P.J. This case concerns petitioner's attempt to have a group A vehicle designation added to his existing driver's license. Respondent refused to grant the designation because of petitioner's poor driving record. The circuit court ordered respondent to grant petitioner the designation. Respondent appeals as of right, and we reverse.

In October 1993, petitioner, who held a valid driver's license, applied for a group A vehicle designation. He sought to have the designation added to his existing license to allow him to drive a "pump truck" for his employer, a septic and sewer company. Respondent refused to entertain petitioner's application because petitioner's license had been suspended or revoked within the preceding thirty-six months. In fact, petitioner's license had been suspended or revoked at least four times in the decade preceding his application, although only once during the three-year period immediately preceding his application.

Petitioner petitioned the circuit court to direct respondent to issue the vehicle group designation, asserting simply that he had a valid driver's license, that he had been denied the group A vehicle designation because his license had been suspended or

---

* Circuit judge, sitting on the Court of Appeals by assignment.

revoked within the preceding thirty-six months, that he "must have a commercial driver license to operate his employer's motor vehicles," and that denial of the designation would cause him severe financial hardship. Respondent argued that pursuant to recent amendments of the Michigan Vehicle Code, MCL 257.1 *et seq.*; MSA 9.1801 *et seq.*, the circuit court was without jurisdiction to hear an appeal from respondent's denial of a group vehicle designation. Petitioner countered that the amendments could not be given retrospective effect to apply to a denial based on a revocation or suspension that had occurred before the amendment.

The court was persuaded by petitioner's argument and ordered respondent to grant petitioner the vehicle group designation. With a candor to be admired, the court reasoned as follows:

> Well, I'll tell you what, you can read that statute two different ways. Here's a good way to find out: I'll enter an order telling the Secretary of State to let him take the test and give him the indorsement if he passes the test.
>
> *              *              *
>
> [I]f I'm wrong the Secretary of State has an attorney there, they can appeal it, we can have the Court of Appeals tell us what this whole situation is. . . . No matter what happens, if they appeal it maybe [sic] some other Judge won't have to go through this some other day in the future. I don't know what the answer is, but let's find out.

Respondent, as anticipated by the circuit court, has appealed. The present dispute being one of statutory interpretation, our review is de novo. *Folands Jewelry Brokers, Inc v City of Warren*, 210 Mich App 304, 307; 532 NW2d 920 (1995). We conclude that the cir-

cuit court was without jurisdiction to hear the petition for review.

The grant of vehicle group designations is governed by § 312f of the Michigan Vehicle Code, MCL 257.312f; MSA 9.2012(6), subsection 4 of which provides as follows:

> The secretary of state shall not issue a vehicle group designation to an applicant for an original vehicle group designation to whom 1 or more of the following apply:
>
> (a) The applicant has had his or her license suspended or revoked . . . in the 36 months immediately preceding application.

Section 323 of the code, MCL 257.323; MSA 9.2023, provides for circuit court review of the Secretary of State's denial of a vehicle group designation. At the time of the hearing below, this section provided as follows:

> (1) [A] person who is aggrieved by a final determination of the secretary of state denying the person . . . a vehicle group designation . . . may petition for a review of the determination in the circuit court . . . .
>
> \*    \*    \*
>
> (3) Except as otherwise provided in this section, the court may take testimony and examine into all the facts and circumstances incident to the denial, suspension, restriction, or revocation of the person's license. The court may affirm, modify, or set aside the restriction, suspension, revocation, or denial . . . .
>
> \*    \*    \*
>
> (8) *This section does not apply to a suspension, revocation, or denial of a vehicle group designation imposed pursuant to section 312f* . . . .

In summary, subsection 312f(4)(a) mandates that the Secretary of State deny a vehicle group designation where an applicant has had his license suspended or revoked within the thirty-six months preceding the application. Subsection 323(1) allows the applicant to appeal such a denial to the circuit court, and subsection 323(3) grants the circuit court authority to affirm, modify, or set aside the denial. However, subsection 323(8) provides that § 323 does not apply where the denial of a vehicle group designation is based on § 312f.

In the present case, the statutes set forth apply to petitioner. He applied for a vehicle group designation. The Secretary of State denied the designation pursuant to subsection 312f(4)(a) because petitioner's license had been suspended or revoked in the preceding thirty-six months. Petitioner petitioned the circuit court to review the denial pursuant to § 323. However, subsection 323(8) provides that the review provisions of that statute do not apply where a denial is based on § 312f. Because the "plain, clear, and unambiguous language [of § 323] clearly establishes the Legislature's intent to prohibit appeals from the Secretary of State's" denial of a vehicle group designation, *Paulson v Secretary of State*, 154 Mich App 626, 633; 398 NW2d 477 (1986), the circuit court was without jurisdiction to hear petitioner's appeal.

Petitioner, however, contends that subsection 312f(4) and subsection 8 of § 323, which took effect *after* the moving violation that resulted in the suspension or revocation of his license,[1] may not be con-

---

[1] The last violation underlying suspension or revocation of petitioner's license was a speeding infraction that occurred on June 20, 1992. Subsection 312f(4) was added to the Michigan Vehicle Code by 1992 PA 179,

strued to operate retrospectively without constituting ex post facto laws. Respondent, in response, seeks to avoid the ex post facto prohibition by asserting that the amendment adding subsection 8 to § 323 of the Michigan Vehicle Code is procedural only, and the Ex Post Facto Clause does not apply to modes of procedure, but only to substantial personal rights. *People v Potts*, 436 Mich 295, 303; 461 NW2d 647 (1990). However, it is clear that the proscription of circuit court review of respondent's denial of a vehicle group designation is not purely procedural; the statute does not affect the *manner* in which petitioner petitions for review of the respondent's decision, but whether petitioner can petition at all. Thus, the distinction on which respondent relies is without merit.

Nonetheless, respondent's position is correct. The Ex Post Facto Clause does not prevent the combined application to petitioner of subsections 312f(4)(a) and 323(8) of the Michigan Vehicle Code, even though petitioner's last driving violation occurred before the enactment of these provisions.

Our constitution, Const 1963, art 1, § 10, provides that "No bill of attainder, ex post facto law or law impairing the obligation of contract shall be enacted." This language is substantially identical to US Const, art I, § 10, which provides that "No state shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts." The Michigan Supreme Court has recently confirmed that the state constitutional provision will not be given a more expansive interpretation than its federal counterpart.

given immediate effect on July 31, 1992. Subsection 323(8) of the Michigan Vehicle Code was added by 1991 PA 100, effective January 1, 1993.

*In re Certified Question,* 447 Mich 765, 776-777, n 13; 527 NW2d 468 (1994). Thus, federal precedents are of special importance when considering whether particular legislation violates the ex post facto prohibition.

Subsection 312f(4) imposes additional requirements on a person seeking to obtain a vehicle group designation by requiring that applicants not have suffered suspension or revocation of their driving privileges, other than for nondriving-related reasons, within the thirty-six months preceding the application. While this may appear, from petitioner's perspective, to be additional punishment for past driving infractions, it is actually an exercise of the state's power to enhance safety, and the concomitant life, health, and welfare of the public, in the use of the state's road system. This case, accordingly, comes within the ambit of *Hawker v New York,* 170 US 189; 18 S Ct 573; 42 L Ed 1002 (1898).

In *Hawker,* the plaintiff had been convicted of a felony and sentenced to prison. After he served his sentence and was released, he sought to become a licensed physician. However, after his incarceration, the State of New York had passed a law absolutely prohibiting former felons from being licensed to practice medicine. The United States Supreme Court found that, because the state's predominant interest was in prescribing qualifications for admission to the practice of medicine, there was no violation of the Ex Post Facto Clause. The Court noted that the licensing of physicians is a proper exercise of the police power, that the requirement of evidence of good character bore a valid relationship to such regulation just as much as requirements concerning education, knowledge, and skill, and because a prior felony con-

viction bore, in turn, a rational relationship to character, the statute could be considered nonpunitive and thus not subject to the Ex Post Facto Clause.

Here, likewise, the questioned statutes are directed to health and safety considerations as opposed to punishment. While there may be incidental punitive aspects from the perspective of persons in petitioner's situation, subsections 312f(4) and 323(8) merely adopt new requirements for licensure for those seeking to operate certain commercial motor vehicles. Were the Ex Post Facto Clause held to prohibit such enactments, the state would forever be unable to adopt new regulations other than those that would apply after the death of every living person at the time of enactment.

While there might be some who would find heartening such a stricture on the Legislature, the Supreme Court has addressed this contingency as well. In *Dent v West Virginia*, 129 US 114; 9 S Ct 231; 32 L Ed 623 (1889), the Court upheld a licensing statute that disqualified a physician who had been in practice for six years, but who could no longer meet the new licensing qualifications. The Court ruled that because the statutory amendment had been intended to secure such skill and learning in the profession of medicine "that the community might trust with confidence those receiving a license under authority of the state," the legislation did not fall afoul of ex post facto provisions. *Id.*, p 128. Thus, it is beyond question that the Legislature may add to or augment licensing regulations without providing "grandfather" clauses to protect or continue the privileged status of preexisting licensees.

Therefore, we conclude that the legislation in issue, directed to considerations of health and safety and having only an incidental punitive aspect, does not violate the prohibition against ex post facto laws. Accordingly, because subsection 328(8) evinces a Legislative intent to preclude appellate review of decisions of the Secretary of State in the present context, *Paulson, supra,* the circuit court was without jurisdiction to hear petitioner's appeal.

Reversed.