PEOPLE v TICE

Docket No. 181348. Submitted September 4, 1996, at Grand Rapids. Decided November 12, 1996, at 9:05 A.M.

Frank E. Tice was convicted by a jury in the Newaygo Circuit Court, Terrence R. Thomas, J., of being a felon in possession of a firearm and of possession of marijuana. The charges arose as a result of the defendant being seen in possession of a firearm when, on May 4, 1994, police officers came to the defendant's residence to conduct a search pursuant to a search warrant and of the discovery of a quantity of marijuana during the search. The affidavit in support of the search warrant had not been signed. At the trial, in response to a defense assertion that the 1989 conviction upon which the charge of being a felon in possession of a firearm was based was a two-year high-court misdemeanor rather than a felony, the court stated that it was for the court to decide whether the prior conviction was a felony, determined that the prior conviction was a felony, and instructed the jury that the defendant was a convicted felon within the meaning of the statute under which the defendant was being charged. The defendant appealed.

The Court of Appeals *held*:

1. The defendant's contention that his conviction of being a felon in possession of a firearm, MCL 750.224f; MSA 28.421(6), which became effective on October 13, 1992, violates the Ex Post Facto Clauses of the federal and state constitutions because that statute had the effect of increasing the punishment for his 1989 conviction is without merit. Although the defendant's status as a convicted felon arose out of his 1989 conviction, the punishment was not imposed for the prior crime, but was rather imposed as a result of his illegal possession of a firearm in 1994. The application of MCL 750.224f; MSA 28.421(6) to a person who is a convicted felon as a result of a conviction of a felony committed before the date that statute took effect does not violate the Ex Post Facto Clauses of the federal or state constitutions.

2. The affidavit in support of the search warrant was not signed by the affiant, nor was it signed by the magistrate to indicate that the facts of the affidavit had been subscribed and sworn under oath before the magistrate. Although a search warrant that is based

on an affidavit that lacks the affiant's signature is presumed to be invalid, that presumption can be rebutted by a showing that the facts in the affidavit were presented under oath to the magistrate who authorized the warrant. Because the question whether the search warrant was valid was not raised below, the record on appeal is silent concerning the circumstances under which the affiant presented the facts on which the search warrant was based. Accordingly, the matter must be remanded to the trial court for a determination whether the facts in the unsigned affidavit in support of the search warrant were presented to the magistrate under some form of oath or affirmation.

3. The question whether a person is a convicted felon for the purpose of MCL 750.224f; MSA 28.421(6) is a question of fact for the trier of fact. Because the trial court instructed the jury that, as a matter of law, the defendant was a convicted felon for the purpose of the statute, and the jury was thus not allowed to consider the question whether the defendant's previous conviction was a misdemeanor rather than a felony, the defendant was denied the right to have the jury determine the facts with respect to each element of the crime. Accordingly, the conviction of being a felon in possession of a firearm must be reversed, and the matter must be remanded for a new trial with respect to that charge.

Reversed and remanded.

1. CRIMINAL LAW — FIREARMS — CONVICTED FELONS — EX POST FACTO PUNISHMENTS.

The application of the statute making it a crime for a convicted felon to possess a firearm to a person who is a convicted felon as a result of a conviction of a felony committed before the date that statute took effect does not violate the Ex Post Facto Clauses of the federal or state constitutions (US Const, art I, § 10; Const 1963, art 1, § 10; MCL 750.224f; MSA 28.421[6]).

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS.

A search warrant that is based on an affidavit that lacks the affiant's signature is presumed to be invalid, but that presumption can be rebutted by a showing that the facts in the affidavit were presented under oath to the magistrate who authorized the search warrant.

3. CRIMINAL LAW — FIREARMS — CONVICTED FELONS — QUESTIONS OF FACT.

The question whether a person is a convicted felon for the purposes of the statute making it a crime for a convicted felon to possess a firearm is a question of fact for the trier of fact (MCL 750.224f; MSA 28.421[6]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *H. Kevin Drake,* Prosecuting Attorney, and *William E. Molner,* Assistant Attorney General, for the people.

State Appellate Defender *(by Deborah Winfrey Keene),* for the defendant on appeal. .

Before: DOCTOROFF, C.J., and HOOD and BANDSTRA, JJ.

DOCTOROFF, C.J. Defendant appeals as of right from his convictions of being a felon in possession of a firearm, MCL 750.224f; MSA 28.421(6), and possession of marijuana, MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d). Defendant was sentenced to concurrent terms of six months in jail. We reverse and remand.

In 1989, defendant was convicted, apparently by guilty plea, of attempted possession of cocaine. He was sentenced to probation, from which he was discharged in 1991. On May 4, 1994, police officers of Sherman Township conducted a search warrant at a residence used by defendant. The officers possessed a search warrant for the premises, however the affidavit in support of the warrant was not signed by its affiant. While on the premises by virtue of the warrant, the officers witnessed defendant departing the residence with a shotgun. Defendant was apparently unaware of the police presence as he left the house, and he dropped the weapon upon being ordered to do so by the police. During their search, the police noted a "stale marijuana smell" in the house and also discovered a quantity of marijuana in some dresser drawers. Defendant was subsequently arrested, tried, and convicted. He now appeals both convictions.

MCL 750.224f; MSA 28.421(6) prohibits an individual from possessing a firearm within five years of being discharged from probation. On the basis of his February 24, 1989, conviction of attempted possession of cocaine, defendant was convicted under the felon in possession statute. MCL 750.224f; MSA 28.421(6) became effective October 13, 1992. Because the statute was not yet in effect at the time of defendant's original conviction in February 1989, he contends that his conviction under the law violated the Ex Post Facto Clauses of the United States and Michigan Constitutions. A statute that affects the prosecution or disposition of criminal cases involving crimes committed before the effective date of the statute violates the Ex Post Facto Clauses if it increases the punishment for the crime. *Riley v Parole Bd*, 216 Mich App 242, 244; 548 NW2d 686 (1996). Defendant contends that application of MCL 750.224f; MSA 28.421(6) served to impermissibly increase his punishment for the conviction that predated the enactment of the statute. We disagree.

In *Taylor v Secretary of State*, 216 Mich App 333; 548 NW2d 710 (1996), this Court rejected a similar ex post facto argument. The petitioner complained of legislation that, on the basis of his previous driving record, prevented him from obtaining a license to drive certain industrial vehicles. The prohibitive legislation became effective after the petitioner had already incurred the previous driving infractions, thus petitioner claimed the law imposed ex post facto punishment for the earlier infractions. This Court stated:

> While this may appear, from petitioner's perspective, to be additional punishment for past driving infractions, it is actually an exercise of the state's power to enhance safety,

and the concomitant life, health, and welfare of the public, in the use of the state's road system. This case, accordingly, comes within the ambit of *Hawker v New York*, 170 US 189; 18 S Ct 573; 42 L Ed 1002 (1898).

In *Hawker*, the plaintiff had been convicted of a felony and sentenced to prison. After he served his sentence and was released, he sought to become a licensed physician. However, after his incarceration, the State of New York had passed a law absolutely prohibiting former felons from being licensed to practice medicine. The United States Supreme Court found that, because the state's predominant interest was in prescribing qualifications for admission to the practice of medicine, there was no violation of the Ex Post Facto Clause. [*Id.* at 340.]

The *Taylor* Court went on to find that "the legislation in issue, directed to considerations of health and safety and having only incidental punitive aspect, does not violate the prohibition against ex post facto laws." *Id.* at 342.

In this case, the statute MCL 750.224f; MSA 28.421(6) is obviously punitive in that it imposes criminal penalties for its violation. This does not, however, establish that the statute impermissibly punished defendant for acts that preceded the date the statute took effect. To the contrary, the conduct being punished in this case was defendant's possession of a firearm at a time after the enactment of the statute. While tied to defendant's status as a convicted felon, the punishment was not imposed for the prior crime, but for his recent act of possessing a firearm. Furthermore, the state's predominant interest in enacting MCL 750.224f; MSA 28.421(6) was not the infliction of further punishment on those who had been convicted of previous felonies. Instead, the primary purpose of the statute was to protect the public by precluding

certain convicted felons from possessing firearms. Because the protection of public safety is a valid exercise of the police power, *Taylor, supra,* we find that application of MCL 750.224f; MSA 28.421(6) to a person who is a convicted felon as a result of a conviction of a felony committed before the date that statute took effect does not violate the Ex Post Facto Clauses of the United States and Michigan Constitutions.

Defendant next contends that he was denied his right to be free from unreasonable searches and seizures where police searched his residence pursuant to a warrant that was based on an unsigned affidavit. We find that this case should be remanded for a determination concerning whether the facts set forth in the unsigned affidavit were also made under oath to a magistrate.

A search warrant that lacks an affiant's signature is presumed to be invalid, but the presumption can be rebutted by a showing that the facts in the affidavit were presented under oath to the magistrate who authorized the warrant. *People v Mitchell,* 428 Mich 364, 365-366; 408 NW2d 798 (1987). In this case, the affidavit for a search warrant contained a space where the magistrate was to put his signature, however the space was blank. Pursuant to *Mitchell,* the critical question is whether the affidavit was made "on oath to a magistrate." *Id.* at 368-369. *Mitchell* indicates that it would suffice if the information in the affidavit was sworn to before a magistrate. *Id.* Thus, though the affidavit was unsigned, it could still be valid if the prosecution could show that the factual allegations offered in support of the affidavit were

made by the affiant under oath to the magistrate. *Id.* at 369.

In this case, there is no evidence on the record regarding the circumstances under which the affidavit supporting the search warrant was presented to the magistrate. Had the issue been raised below, the prosecution might have been able to offer evidence showing that the affiant also presented the facts set forth in the affidavit under oath to the magistrate. As the record stands before us on appeal, however, we are unable to determine the circumstances under which the affiant presented the facts on which the warrant was based. Accordingly, we remand to the trial court for a determination whether the facts set forth in the affidavit were also presented to the magistrate under some form of oath or affirmation. If the trial court finds on remand that the facts set forth in the affidavit were so presented, defendant's convictions should not be disturbed on the basis of this issue. However, if the trial court finds that the facts set forth in the affidavit were not so presented, then suppression of the evidence obtained pursuant to the warrant is the proper remedy. *People v Chambers*, 195 Mich App 118, 120; 489 NW2d 168 (1992).

Finally, defendant contends that the trial court erred in instructing the jury that defendant was a convicted felon. Defendant argues that this invaded the jury's province by establishing an element of the crime of being a felon in possession of a firearm, MCL 750.224f; MSA 28.421(6). We agree and reverse.

MCL 750.224f(2); MSA 28.421(6)(2) makes it clear that an element of the crime is a defendant's status as a convicted felon. The statute provides in pertinent part:

> A person *convicted of a specified felony* shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until all of the following circumstances exist. [Emphasis added.]

On the record, but outside the presence of the jury, defendant told the trial judge that he had been convicted of "a two-year high court misdemeanor," but not a felony. Defendant thus contended that he should not be considered a convicted felon for purposes of MCL 750.224f; MSA 28.421(6). The trial court responded to defendant's argument as follows:

> Mr. Tice, under the law in which you're charged, the Court is charged with making a determination whether it's a three-year or a five-year probationary period depending on the definition of the crimes in which you have been convicted of [sic]. *The court has read that over and made the determination that you are a convicted felon.* In the context of that law the probationary period is five years. [Emphasis added.]

Thereafter, the trial court instructed the jury as follows:

> The second question is, was Mr. Tice a convicted felon? *Within the context of the crime in which he stands here charged, he was a convicted felon.* [Emphasis added.]

As noted above, whether defendant was a convicted felon was an element of the crime of being a felon in possession of a firearm. When a trial court instructs that an essential element of a criminal offense exists as a matter of law, error requiring reversal will be found. *People v Allensworth*, 401 Mich 67, 70-71; 257 NW2d 81 (1977), quoting *People v Reed*, 393 Mich 342, 349; 224 NW2d 867 (1975); see also *People v Gaydosh*, 203 Mich App 235, 238; 512 NW2d 65

(1994). Because the jury was not allowed to consider defendant's argument that he was convicted of a misdemeanor as opposed to a felony, the trial court impermissibly undermined the essential fact-finding function of the jury and freed the prosecution from its duty to prove each element of the crime charged beyond a reasonable doubt. Accordingly, defendant's conviction of being a felon in possession of a firearm is reversed, and the case is remanded for a new trial on that charge.

Reversed and remanded. On remand, the trial court is instructed to determine whether the facts set forth in the unsigned affidavit in support of the warrant were also presented to the magistrate under some form of oath or affirmation. In addition, the trial court is to conduct a new trial with respect to the charge of being a felon in possession of a firearm.