*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
October 22, 2020

v

RAY LAZELL JACKSON,

        Defendant-Appellant.

No. 348678
Oakland Circuit Court
LC No. 2018-267054-FC

Before: METER, P.J., and SHAPIRO and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of second-degree murder, MCL 750.317, felon in possession of a firearm, MCL 750.224f(1), felon in possession of ammunition, MCL 750.224f(3), and two counts of possession of a firearm during the commission of a felony, second offense, MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 35 to 80 years for the murder conviction, and 2 to 15 years for each felon-in-possession conviction, to be served consecutive to two concurrent five-year terms of imprisonment for the felony-firearm convictions. Defendant appeals as of right. We affirm defendant's convictions and sentences, but remand for the limited purpose of correcting a clerical error in the amended judgment of sentence.[1]

---

[1] We note that defendant's original judgment of sentence, dated April 23, 2019, specified that, for Count 1, defendant was convicted of "MURDER (STAT SHORT FORM)" and listed the PACC Code of 750.316-C, which is the code for open murder. Defendant's judgment of sentence was amended on June 3, 2019, to indicate that the jury found defendant not guilty of "MURDER (STAT SHORT FORM)" for Count 1 and that he was "acquitted" of that charge, and to further indicate that defendant was convicted of second-degree murder on an additional Count 6. Defendant was charged with open murder for Count 1 and he was not charged with any Count 6. An open murder charge "provides that where a person is indicted (or informed against) with murder of an

## I. FACTS

Defendant's convictions arise from the shooting death of his girlfriend, Constance Bonner, on March 17, 2018. The prosecution's theory at trial was that Bonner and defendant, who lived in Bonner's house, had a volatile relationship and argued regularly, including before defendant shot Bonner in the neck. In the early evening of March 17, Bonner's 83-year-old father, Roosevelt Subject, who lived in Bonner's basement, went upstairs and found Bonner's body in the foyer. Defendant was not in the house. Video footage from a neighbor's surveillance cameras showed defendant's car leaving the premises that afternoon, and no other person coming or going from Bonner's house during the relevant time period. Forensic evidence revealed that defendant's blood was on Bonner's fingernails, and defendant had scratches on his face. The prosecution also presented evidence of an incident in 2016, in which Bonner was injured during an altercation with defendant. The defense theory at trial was that Subject was the shooter and the police unreasonably failed to investigate or even consider him as a suspect because of his age.

## II. ADMISSION OF EVIDENCE

Defendant first argues that the trial court abused its discretion by permitting the prosecution to introduce evidence of defendant's prior act of domestic violence against Bonner in September 2016. Defendant argues that the evidence should have been excluded under MRE 403. We disagree.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Thorpe*, 504 Mich 230, 251-252; 934 NW2d 693 (2019). "The decision to admit evidence is within the trial court's discretion and will not be disturbed unless that decision falls outside the range of principled outcomes." *Id.* at 252 (quotation marks and citation omitted.) "Preliminary questions of law, such as whether a rule of evidence or statute precludes the admission of particular evidence, are reviewed de novo[.]" *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014).

MCL 768.27b provides that "in a criminal action in which the defendant is accused of an offense involving domestic violence . . . evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403." "This prior-bad-acts evidence of domestic violence can be admitted at trial because a full and complete picture of a defendant's history tends to shed light on the likelihood that a domestic violence crime was committed." *People v Propp*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 343255) (quotation marks and citation omitted); slip op at 10, lv pending. "The only limiting provision of MCL 768.27b is that the evidence is still subject to analysis under MRE 403 . . . ." *Propp*, ___ Mich

---

unspecified degree, the jury, upon finding defendant guilty of murder, must also determine the degree[.]" *People v Johnson*, 427 Mich 98, 109; 398 NW2d 219 (1986). The jury verdict form indicates that the jury found defendant guilty of second-degree murder for Count 1, and it does not list any Count 6. Accordingly, pursuant to MCR 7.216(A)(7), we remand this case to the trial court for the limited purpose of correcting the amended judgment of sentence to reflect that defendant was not acquitted of murder, but rather was convicted of second-degree murder for Count 1, and to delete the erroneous listing of Count 6 in the amended judgment. MCR 6.435(A).

App at ___; slip op at 12. In this case, the evidence that defendant committed a violent physical assault against Bonner 18 months before her shooting death was relevant to show defendant's character or propensity to engage in domestic violence against Bonner, as well as to rebut evidence that Subject, and not defendant, was the shooter; the evidence had a direct bearing on whether defendant committed the charged acts.

We reject defendant's argument that the evidence should have been excluded under MRE 403 because it was unfairly prejudicial. Under MRE 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *People v Cameron*, 291 Mich App 599, 510; 806 NW2d 371 (2011). Under the balancing test of MRE 403, a court must first decide if the other-acts evidence is unfairly prejudicial, and then " 'weigh the probativeness or relevance of the evidence' against the unfair prejudice" to determine whether any prejudicial effect substantially outweighs the probative value of the evidence. *Id*. at 611 (citation omitted). Unfair prejudice exists where there is "a danger that marginally probative evidence will be given undue or pre-emptive weight by the jury" or "it would be inequitable to allow the proponent of the evidence to use it." MRE 403 is not, however, intended to exclude "damaging" evidence, because any relevant evidence will be damaging to some extent. *People v Mills*, 450 Mich 61, 75-76; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995); *People v McGuffey*, 251 Mich App 155, 163; 649 NW2d 801 (2002). In the second situation, the unfair prejudice language "refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Cameron*, 291 Mich App 611 (citation omitted).

As discussed, the evidence was relevant. Defendant argues that the evidence was unduly prejudicial because it essentially portrayed him as having been violent against Bonner in the past. Defendant's argument merely demonstrates that the evidence, under the facts of this case, was prejudicial for the same reasons that it was relevant. However, that is not a basis for finding that the evidence was *unfairly* prejudicial. The prosecutor focused on the proper purpose for which the evidence was admissible. Moreover, in its final instructions, the trial court gave a cautionary instruction to the jury, explaining the limited, proper use of the evidence, thereby limiting any potential for unfair prejudice. Jurors are presumed to have followed their instructions. *People v Breidenbach*, 489 Mich 1, 13; 798 NW2d 738 (2011). Defendant has not presented any basis for overcoming the presumption that the jury followed these instructions. The trial court did not abuse its discretion by determining that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

## III.  DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional, unpreserved issues in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4. Our review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999).

### A.  PRIOR CONVICTION FROM 1975

-3-

Defendant argues that the admission of evidence of a prior conviction in 1975 at his preliminary examination violated the constitutional prohibition against multiple punishments for the same offense and the Ex Post Facto Clause. We disagree.

Defendant's double-jeopardy claim is misplaced. The United States and Michigan Constitutions both protect against double jeopardy, which includes protection against multiple punishments for the *same offense*. US Const, Am V; Const 1963, art 1, § 15. The charged offenses occurred in Oakland County and involved Bonner's shooting death on March 17, 2018. Defendant's prior conviction involved an offense in Wayne County on June 23, 1975. Because the two incidents do not involve the "same offense," but rather involve different victims, in different counties, more than 40 years apart, they do not implicate double-jeopardy protections.

Both the United States and Michigan Constitutions prohibit ex post facto laws, which include "[e]very law that changes *the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed." *People v Callon*, 256 Mich App 312, 317; 662 NW2d 501 (2003) (citations omitted; emphasis in original). In this case, defendant was charged with felon in possession of a firearm and felon in possession of ammunition, contrary to MCL 750.224(f)(1) and (3). In order to provide both offenses, the prosecution was required to establish defendant's status as a convicted felon at the time of the offenses. *People v Bass*, 317 Mich App 241, 268; 893 NW2d 140 (2016); *People v Tice*, 220 Mich App 47, 54; 558 NW2d 245 (1996). ). "[A]pplication of MCL 750.224f . . . to a person who is a convicted felon as a result of a conviction of a felony committed before the date that statute took effect does not violate the Ex Post Facto Clauses of the United States and Michigan Constitutions." *Tice*, 220 Mich App at 52. Thus, there is no merit to this claim of error.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Because defendant failed to raise an ineffective-assistance claim in a motion for a new trial or request for an evidentiary hearing in the trial court, our review of this issue is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*. "A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defendant makes a cursory complaint regarding defense counsel's lack of knowledge and understanding "of basic court rules and criminal procedure," without providing any proper analysis. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Because defendant does not explain the factual basis for his claim that defense counsel was unfamiliar with basic court

-4-

rules and criminal procedure, or explain how he was prejudiced by counsel's alleged lack of knowledge, this ineffective-assistance claim is abandoned. *Id*.

Defendant makes an additional cursory complaint that counsel failed to investigate, including by consulting an expert, and failed to present evidence to support a defense, but he again fails to provide any analysis of these claims. "Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). "A substantial defense is one that might have made a difference in the outcome of the trial." *Id*. (citation omitted.) The record belies defendant's unsupported supposition that defense counsel was unprepared and lacked sufficient knowledge about the case to offer a proper defense. The record demonstrates that defense counsel understood the case, effectively cross-examined prosecution witnesses, and argued reasons why the jury should conclude that defendant was not the shooter. Defendant fails to indicate what additional evidence counsel could have been presented, what helpful information could have been gained by consulting an expert, and what additional rational argument defense counsel could have made. To the extent that trial counsel's arguments were not successful, nothing in the record suggests that defense counsel's presentation of the defense was unreasonable or prejudicial. "The fact that trial counsel's strategy may not have worked does not constitute ineffective assistance of counsel." *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996). Consequently, defendant cannot establish a claim of ineffective assistance of counsel on this basis.

Defendant also faults defense counsel for failing to object to the prosecutor's remarks discussed *infra*. As explained below, the prosecutor's remarks were not improper. Therefore, defense counsel's failure to object was not objectively unreasonable. Further, there is no reasonable probability that counsel's failure to object affected the outcome of defendant's trial because the trial court's jury instructions were sufficient to dispel any possible prejudice.

## C. INADEQUATE NOTICE OF CHARGES

Defendant argues that he did not have notice that he was being charged with the murder of a police or corrections officer under MCL 750.316(1)(c), and because he was acquitted of that charge, the jury could not find him guilty of second-degree murder for the death of Bonner. We disagree.

"A defendant's right to adequate notice of the charges against the defendant stems from the Sixth Amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment." *People v Darden*, 230 Mich App 597, 600; 585 NW2d 27 (1998). An information provides adequate notice when it informs the defendant of the charges he will have to defend against. *Id*. "An information is presumed to be framed with reference to the facts disclosed at the preliminary examination." *People v Stricklin*, 162 Mich App 623, 633; 413 NW2d 457 (1987).

Defendant's claim is without merit because it is based on the incorrect premise that defendant was charged under MCL 750.316(1)(c), which applies to the murder of a peace officer or a corrections officer. The felony information charged defendant in Count 1 with "open murder—statutory short form" under "Sec. 750.316; M.S.A. 28.548" and alleged that defendant "did murder Constance Bonner[.] The information was consistent with MCR 6.112(D) and MCL 767.45(1)(a). The prosecutor did not argue at the preliminary examination, or at trial, that

defendant was guilty of murdering a peace or corrections officer, and the trial court did not instruct the jury on that theory. Instead, the prosecution's theory at trial was that defendant was guilty of first-degree premeditated murder for the shooting death of Bonner, and the trial court instructed the jury on that theory of first-degree murder, as well as second-degree murder, MCL 750.317. Because defendant was fully apprised of the nature of the charges against him and his ability to defend against those charges was not prejudiced, there was no plain due-process error. Defendant complains that the jury could not convict him of second-degree murder for the death of Bonner under MCL 750.317, after acquitting him of murdering a peace or corrections officer under MCL 750.316(1)(c), but as explained above, he was not charged with that offense. Accordingly, defendant has not demonstrated any error.[2]

## D. PROSECUTOR'S CONDUCT

Defendant next argues that the prosecutor engaged in misconduct by impermissibly vouching for the credibility of Subject, and by denigrating defense counsel during rebuttal argument. We disagree.

A prosecutor may not vouch for the credibility of a witness by conveying that he has some special knowledge that the witness is testifying truthfully. *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995). However, a "prosecutor may fairly respond to an issue raised by the defendant[,]" *People v Brown*, 279 Mich App 116, 135; 755 NW2d 664 (2008), and may argue the evidence and all reasonable inferences that arise from the evidence as they relate to the prosecutor's theory of the case. *Bahoda*, 448 Mich at 282; *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007).

The prosecutor did not refer to any special knowledge, beyond the evidence presented at trial, to indicate that he knew Subject was truthful. The prosecutor's remarks were part of a permissible argument regarding credibility and were responsive to defense counsel's implication and assertions during trial and closing argument that Subject was the shooter and that his testimony was not credible. For example, during closing argument, defense counsel (1) challenged Subject's ability to recall what time he talked to the police, (2) questioned his handling of the 911 call and his seemingly odd behavior when he went to a neighbor for assistance, (3) suggested that he had reasons to have killed his daughter, including being angry because she had a guardianship and conservatorship over him, thus controlling his money against his will, and making him live in the basement, (4) noted that some people believed that Subject "gets confused" and "[a]cts irrationally

---

[2] Defendant's argument appears to be based on his erroneous interpretation of a citation to "750.316-C" in certain documents as referring to MCL 750.316(1)(c). In the felony information, the Prosecuting Attorneys Coordinating Council (PACC) code "750.316-C" is noted in brackets after "Sec. 750.316; M.S.A. 28.548." The judgment of sentence similarly shows the PACC code of "750.316-C" under the heading "MCL citation/PACC Code." According to the PACC's Warrant Manual, "750.316-C" is the code used to refer to a charge of open murder; it does not refer to MCL 750.316(1)(c). Rather, "750.316-D" is the code used to refer to a charge under MCL 750.316(1)(c). Defendant apparently confuses the PACC codes with the MCL citations. In any event, as explained, the information clearly provided defendant with adequate notice of the charges against him.

at times," and (5) emphasized how the police unreasonably failed to consider him as a suspect simply because of his age of 83 years. When making the challenged remarks, the prosecutor urged the jury to evaluate the evidence, discussed the reliability of the prosecution witnesses' testimony, and argued that there were reasons from the evidence to conclude that defendant was guilty of the charged crimes. Viewed in context, the prosecutor's argument was not improper.

A prosecutor may not personally attack the credibility of defense counsel, *People v McLaughlin*, 258 Mich App 635, 646; 672 NW2d 860 (2003), or suggest that defense counsel is intentionally attempting to mislead the jury. *People v Watson*, 245 Mich App at 592. In this case, viewed in context, the prosecutor's remarks did not involve a personal attack on defense counsel's credibility or suggest that counsel was intentionally attempting to mislead the jury, and instead involved fair responses to defense counsel's arguments. The prosecutor gave reasons, grounded in the evidence, for why the jury should reject defense counsel's discussion regarding rigor mortis and suggestion that Subject was the shooter. The comments were not a personal attack on defense counsel, but a commentary on the implausibility and weight to be given to the defense theory and arguments in light of the evidence presented at trial. Accordingly, the prosecutor's arguments were not improper.

Moreover, with respect to both of defendant's claims, we will not reverse if the alleged prejudicial effect of the prosecutor's conduct could have been cured by a timely instruction. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). The trial court's instructions that the lawyers' statements, arguments, and any commentary are not evidence, that the jury was to decide the case based only on the properly admitted evidence, and that the jury was to follow the court's instructions, were sufficient to dispel any possible prejudice and to protect defendant's substantial rights. *People v Long*, 246 Mich App 582, 588; 633 NW2d 843 (2001). Thus, defendant fails to show that the prosecutor's remarks affected his substantial rights.

## E. RIGHT TO BE PRESENT

Defendant next argues that the trial court violated his Sixth Amendment right to be present at all critical stages of the trial when it allowed the jury to reconvene for the second day of deliberations without defendant being present. We disagree.

"A criminal defendant has a statutory right to be present during his or her trial." *People v Kammeraad*, 307 Mich App 98, 116-117; 858 NW2d 490 (2014). "A defendant has a right to be present during the voir dire, selection of and subsequent challenges to the jury, presentation of evidence, summation of counsel, instructions to the jury, rendition of the verdict, imposition of sentence, and any other stage of trial where the defendant's substantial rights might be adversely affected." *People v Mallory*, 421 Mich 229, 247; 365 NW2d 673 (1984). "[T]he test for whether defendant's absence from a part of his trial requires reversal of his conviction is whether there was any reasonable possibility that defendant was prejudiced by his absence." *People v Armstrong*, 212 Mich App 121, 129; 536 NW2d 789 (1995).

Defendant has not supported his claim that he was entitled to be present when the jury reconvened to continue deliberations. The jury began deliberations on Friday, March 22, 2019, continued on Monday, March 25, 2019, and sent a message on the afternoon of March 25 that a verdict had been reached. There is no indication in the record that the jury was assembled in court

or that there were any ex parte discussions between the trial court and the jury before the jury reconvened to resume deliberations on March 25. Even if we were to assume that the court communicated with the jurors to advise them to continue deliberating on March 25, defendant has not explained how he was prejudiced by any such communication. There is no evidence, and defendant does not claim, that there were any communications, let alone communications that were substantive. *People v France*, 436 Mich 138, 163-165; 461 NW2d 621 (1990). Considering that defendant simply notes that the jury reconvened for deliberations, any communication of this nature would fall into the category of administrative or housekeeping. *Id.* Accordingly, defendant has not shown that he was denied his Sixth Amendment right to be present at a critical stage of the trial on the basis that he was absent when the jury reconvened to continue deliberations.

## F. RIGHT OF ALLOCUTION

Defendant next argues that he is entitled to resentencing because the trial court violated his right of allocution when it interrupted him at sentencing to preclude him from arguing legal issues unrelated to the sentencing proceeding. We disagree.

MCR 6.425(E)(1)(c) requires the court to give a defendant "an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence[.]" A trial court must strictly comply with the rule, "and the trial court must separately ask the defendant whether the defendant wishes to address the court before sentencing." *People v Wells*, 238 Mich App 383, 392; 605 NW2d 374 (1999). "Where the trial court fails to comply with this rule, resentencing is required." *Id.* The purpose of the right to allocution is to allow a defendant "to speak in mitigation of the sentence," to equalize the sentencing process, and to allow the defendant to begin an atonement or healing process. *People v Petty*, 469 Mich 108, 119, 121; 665 NW2d 443 (2003).

In this case, the trial court asked defendant if wanted to say anything, and defendant responded by remarking:

> Before you sentence me, I sent you two motions, a motion for a new trial and a motion for a *Ginther* Hearing. According to Michigan Court of Appeals in order for me to preserve my appellate rights to get another trial because I was not guilty of this crime, the only reason why I was found guilty is because they used my past history as part of the information at the prelim—

At that point, the trial court did interject to explain that the matter defendant was raising had been discussed and rejected during trial. After the trial court's comments, defendant then asked, "So double jeopardy don't apply?" Thus, defendant clearly believed that he could continue to speak, if he chose to do so, because he spoke *after* the trial court interrupted him. After the trial court responded to defendant's question, defense counsel "put on the record" that regarding defendant's "motion for a new trial, appellate procedure, his rights are preserved," and that the issues defendant was raising "are probably best served by new appointed appellate counsel." Defendant made no additional comments after his attorney's remarks. Given defendant's comments both before and after the trial court's interruption, it is clear that defendant was focused only on addressing matters that were not proper for allocution. In other words, defendant chose not to advise the court of the circumstances that it should consider in imposing sentence, MCR 6.425(E)(1)(c), and thus elected

not to properly exercise his rights under the court rule. On appeal, defendant does not explain what comments he was allegedly prohibited from making. Consequently, we reject defendant's claim that the trial court violated MCR 6.425(E)(1)(c).

## IV. CONCLUSION

Affirmed, but remanded for the limited purpose of correcting the amended judgment of sentence in accordance with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Douglas B. Shapiro
/s/ Michael J. Riordan