*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 15, 2021

       Plaintiff-Appellee,

v

No. 350699
Barry Circuit Court
LC No. 2019-000110-FH

BENJAMIN SCOTT URBANSKI,

       Defendant-Appellant.

Before: SHAPIRO, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to two years' probation. We affirm.

In September 2018, Steven Funk was driving on a curved stretch of road when a car came up close behind him "really fast." Funk testified that he moved over so that the car could pass and and that the car continued to drive erratically after it passed. Funk called 911, and Michigan State Police Trooper Ernest Felkers located the car and conducted a traffic stop. He asked the driver, defendant, for his license. Instead of complying, defendant asked why Felkers stopped him. A heated argument ensued, including defendant's use of profanity at Felkers. Eventually, after about one and a half minutes, defendant gave his license to Felkers. But this was only after Felkers had demanded the license multiple times and defendant's repeated refusal. Defendant refused to provide it even after he was threatened with arrest for failing to do so and after he twice refused to step out of the vehicle as directed. Ultimately, he complied only after Felkers opened the car door and grabbed his arm. At trial, the prosecution argued to the jury that defendant obstructed Felkers by failing to produce his license and by not exiting the vehicle when told to do so.

Defendant's arguments on appeal concern the following jury instruction given by the trial court as to the offense of assaulting, resisting, or obstructing a police officer:

> The Defendant is charged with the crime of assaulting, battering, wounding, resisting, obstructing, opposing, or endangering Trooper Felkers, who was

performing his duties. To prove this charge, the Prosecutor must prove each of the following elements beyond a reasonable doubt:

First, the Prosecutor must prove that the Defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered Trooper Felkers. "Obstruct" includes use or threatened use of physical interference or force or a knowing failure to comply with a lawful command. The Defendant must have actually resisted by what he said or did, but physical violence is not necessary.

The second element the Prosecutor must prove [is] that the Defendant knew or had reason to know the person the Defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his duties at the time.

And the third element is that the Trooper, Trooper Felkers, the law enforcement officer, gave the Defendant a lawful command, was making a lawful arrest, or was otherwise performing a lawful act.

*In this case a law enforcement officer who pulls a suspect over has the right to demand to see the suspect's driver's license, and upon demand the suspect must provide the law enforcement officer the license.* An officer stopping a vehicle may direct the driver and passengers to exit or to remain inside the vehicle. [Emphasis added.]

Defendant specifically argues that the trial court erred when it instructed the jury that a suspect must provide a license "upon demand." We disagree.[1]

"A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). "Jury instructions must include all the elements of the charged offense and must not exclude material issues, defenses, and theories that are supported by the evidence." *People v Crawford*, 232 Mich App 608, 620; 591 NW2d 669 (1998). "Even if somewhat imperfect, instructions do not warrant reversal if they fairly presented the issues to be tried and sufficiently protected the defendant's rights." *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002).

A court must instruct the jury using the Michigan Model Criminal Jury Instructions if "(a) they are applicable, (b) they accurately state the applicable law, and (c) they are requested by a party." MCR 2.512(D)(2); *People v Rosa*, 322 Mich App 726, 739; 913 NW2d 392 (2018). The trial court correctly instructed the jury on the elements of assaulting, resisting, or obstructing a police officer in accordance with M Crim JI 13.1. The instruction that defendant now objects to

---

[1] Defendant failed to preserve this claim of instructional error before the trial court, and so our review is for plain error affecting substantial rights. See *People v Walker*, 504 Mich 267, 276; 934 NW2d 727 (2019). A plain error affects a defendant's substantial rights when it alters the outcome at trial. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

appears to stem from the use notes for M Crim JI 13.1, which provide in pertinent part that "the court should provide detailed legal instructions regarding the applicable law governing the officer's legal authority to act." The trial court was presumably following this direction when it informed the jury that "a law enforcement officer who pulls a suspect over has the right to demand to see the suspect's driver's license, and upon demand the suspect must provide the law enforcement officer the license."[2]

Defendant argues that the upon-demand language did not relate to Trooper Felkers's legal authority to act. We disagree. "Jury instructions are reviewed in their entirety . . . ." *Dobek*, 274 Mich App at 82. The court first instructed the jury that an officer has the right to demand to see a suspect's license during the traffic stop. But, standing alone, that instruction arguably does not define an officer's authority to act when the suspect refuses the initial demand or insists that the officer explain the reason for the stop. Indeed, in this case the defense introduced guidelines from the Michigan State Police stating that the officer should first explain to the suspect why he or she was pulled over before asking for a license. Thus, the court's additional instruction that the suspect must produce the license upon demand clarified that the suspect must comply with the officer's demand, with the implication being that the officer may insist that the suspect produce the license regardless of any objection. Accordingly, we see no plain error in the instruction on the grounds that it did not relate to the officer's legal authority to act.

Defendant also argues that the only disputed element in this case was whether he failed to comply with a lawful command and that the trial court's instruction effectively answered that question for the jury. Cf. *People v Tice*, 220 Mich App 47, 54; 558 NW2d 245 (1996) ("When a trial court instructs that an essential element of a criminal offense exists as a matter of law, error requiring reversal will be found."). The defense's theory of the case was that defendant complied with the officer's command to produce the license in a reasonable time under the circumstances. Defendant maintains, however, that the court's instruction negated that defense by stating that he was required to produce the license upon demand.[3]

We acknowledge that in closing argument the prosecutor relied on the upon-demand language in the instructions to argue that defendant failed to comply with a lawful command. However, the trial court gave the standard jury instruction that it is the court's duty to provide instructions on the law and that the jury should disregard any statement by the attorneys

---

[2] As defendant argues, it is clear that the trial court's instruction came from MCL 257.311, which provides:

> The licensee shall have his or her operator's or chauffeur's license, or the receipt described in section 311a, in his or her immediate possession at all times when operating a motor vehicle, and shall display the same upon demand of any police officer, who shall identify himself or herself as such.

Defendant was not charged under MCL 257.311, but defense counsel relied on the statute when questioning Felkers and in moving for a directed verdict.

[3] Defendant does not challenge the sufficiency of the evidence supporting his conviction.

inconsistent with those instructions. The upon-demand instruction followed and plainly related to the third element of whether the officer was acting lawfully.

In sum, the instructions sufficiently protected defendant's rights. They included all required elements of the offense. That is, the trial court instructed the jury that the prosecution's burden was to prove that defendant resisted or obstructed a lawful command, that defendant knew that Felkers was a police officer, and that Felkers gave defendant lawful commands. The instructions also included the statutory definition of "obstruct," which includes a "knowing failure to comply." MCL 750.81d(7)(a). Because these instructions, as a whole, accurately described the prosecution's burden, the issues tried, and protected defendant's rights, we decline to hold that the upon-demand language in the instructions constitutes plain error warranting reversal of defendant's convictions.

Because we conclude that the instructions were proper, we need not consider defendant's claim that his attorney was ineffective for failing to object to the jury instructions. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

Affirmed.


/s/ Douglas B. Shapiro
/s/ Mark J. Cavanagh
/s/ James Robert Redford

-4-